**Michael Ray DAVID, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–83–112–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1984.

Discretionary Review Granted Jan. 23, 1985.

Jimmy James, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Michael Ray David was found guilty of sexual abuse of a child and sentenced to ten years' imprisonment. The sole issue raised on appeal is whether the application of the statute permitting court reporters to destroy their notes after three years deprived appellant of his rights to due process, equal protection and the effective assistance of counsel. We find, however, that appellant waived any alleged defects in the original plea proceedings. The judgment of the trial court is affirmed.

The trial record indicates that appellant was indicted in December, 1978. The trial court held a hearing on the plea to the indictment on June 11, 1979, at which time appellant pled nolo contendere. The trial court deferred the proceedings without an adjudication of guilt and placed appellant on probation for five years. Appellant thereafter violated the terms of his probation twice, and the State filed a Motion to Adjudicate Guilt. After a hearing on that motion in February, 1983, the court found appellant guilty of sexual abuse of a child and sentenced him to ten years' imprisonment.

In the course of preparing his appeal, appellant's counsel requested that a transcript be prepared, including a transcription of the proceedings at the June 11, 1979 plea to the indictment. He was thereafter informed that the court reporter had destroyed her notes of the hearing pursuant to article 2324 of Texas Civil Statutes, which at that time required only that reporters maintain their records for at least three years. In spite of appellant's inability to obtain this portion of the record, the remaining record was approved by the trial court.

In two grounds of error, appellant contends that the statute permitting the court reporter to destroy her notes should not be given preference over appellant's constitutional right to appeal. The thrust of his argument is that there may have been reversible error during the June 11, 1979 hearing in which the trial court decided to defer adjudication of guilt, but that he was necessarily deprived of his right to full appellate review since the notes were destroyed. He argues that this inability to present the transcription of those notes to the appellate court deprived him of due process, equal protection of the law, and effective assistance of counsel.

■ We are initially confronted with a more fundamental question: whether appellant waived his right to appeal the decision to defer adjudication of guilt. We find he did waive that right. It is well settled that the decision to proceed to adjudication of guilt is not reviewable. *Wright v. State*, 592 S.W.2d 604 (Tex.Crim.App.1980); *Williams v. State*, 592 S.W.2d 931 (Tex.Crim. App.1979). *See* Tex.Crim.Proc.Code Ann. art. 42.12 § 3d (Vernon 1979 & Supp.1984). The Court of Criminal Appeals extended this proposition in *McDougal v. State*, concluding that the "clear import" of that statute was to preclude appellate review of an order deferring adjudication as well. *McDougal v. State*, 610 S.W.2d 509 (Tex. Crim.App.1981) (en banc). The court reasoned that a defendant who is dissatisfied with the decision to defer adjudication or with the terms and conditions of the order should move for adjudication of guilt within thirty days as directed by article 42.12 § 3d.

■ We are here faced with a somewhat different situation than *McDougal.* McDougal attempted to appeal the deferred adjudication before final adjudication had been reached; here, however, there had been a final determination of guilt some three and one-half years after the original proceedings. The narrow issue then is whether an appellant may complain after a final adjudication of guilt that his

rights were or may have been violated in the original hearing deferring adjudication. We conclude that implicit in the decision that a dissatisfied appellant must move for final adjudication within thirty days of the deferred adjudication, is the derivative conclusion that a failure to so do constitutes a waiver of any defects in the proceedings connected therewith. *See McDougal* at 509; *Hardy v. State,* 610 S.W.2d 511, 512 (Tex.Crim.App.1981); *Pierce v. State,* 636 S.W.2d 734 (Tex.App.—Corpus Christi 1982, no pet.). Accordingly, since appellant did not make such a motion within thirty days, he waived the right to complain of any alleged constitutional deprivations in those proceedings.

■ Independent of our waiver finding which is dispositive of this appeal, we also note that there is considerable evidence in the record before us that appellant was made aware of the consequences of his plea. The record reflects that in the original June 11, 1979 plea to the indictment, appellant entered a plea of nolo contendere and signed a judicial confession. The State recommended, and appellant agreed, to a term of five years' probation. The court assessed a five year probationary period, but also deferred adjudication of his guilt, which would not become operative unless he violated the terms of probation. After two violations of those probationary terms, (and some three-and-one-half years later), appellant now argues that he may have been denied some constitutional rights in his original plea proceedings. Appellant's attack seems directed at the possibility that he was not properly admonished concerning his original plea in accordance with article 26.13 of the Code of Criminal Procedure. However, the trial court's order deferring adjudication of guilt and its docket sheet both reflect that appellant was admonished concerning the consequences of his plea. In addition, the judicial confession signed by appellant and his attorney was also signed by the trial judge. Over the trial judge's signature appears the following:

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. *After I admonished the defendant of the consequences of his plea,* I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment. (Emphasis added).

We find these documents of record cumulatively sufficient to show proper admonishment by the court and appellant's awareness of the significance thereof notwithstanding the absence of the court reporter's notes.

In any event, appellant David had an adequate remedial avenue if he was discontented with the original deferred adjudication proceeding: he could have moved for an adjudication of guilt within thirty days and appealed consistent with the mandate and limitations of art. 44.02. Instead, he chose to accept the deferred adjudication and attacked those original proceedings years later, after twice violating the terms of his probation. We find that he waived any alleged defects in the original adjudication proceedings by failing to move for an adjudication of guilt within thirty days. To hold otherwise, would enable others similarly situated to accept the benefits of deferred adjudication up to periods of ten years and then, after violating that probation, launching an appeal based on alleged defects in proceedings at the original hearing. This, we feel, would not serve the purpose of the deferred adjudication law nor the criminal justice system.

Accordingly, the judgment of the trial court is affirmed.