**Michael Ray DAVID, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 796–84.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 18, 1985.

Jimmy James, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson and Elaine Bratton, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

On June 11, 1979, appellant pled nolo contendere before the court to the offense

of sexual abuse of a child. Pursuant to the provisions of Art. 42.12, Sec.3d(a), V.A.C. C.P., the trial court deferred further proceedings without entering an adjudication of guilt, and placed appellant on probation for five years.

On February 9, 1983, the trial court proceeded to adjudication of guilt, revoked probation, and assessed ten years.

The Fourteenth Court of Appeals (Houston) affirmed in a published opinion. *David v. State*, 681 S.W.2d 147 (Tex.App. 1984—Houston [14th dist.]). The court of appeals held that, by failing to move for adjudication of guilt within 30 days after entering his plea and the trial court's deferment of adjudication, appellant waived the right to appeal any constitutional deprivations that may have occurred in the *original plea proceedings*. We granted appellant's petition for discretionary review to examine this holding.

After the trial court adjudicated appellant's guilt and assessed punishment, appellant gave notice of appeal and filed a pauper's oath. On February 9, 1983, the court appointed counsel to prosecute the appeal and ordered the court reporter to prepare a statement of facts without charge to appellant. See Art. 40.09, Sec. 5, V.A.C.C.P.

It was later discovered that the court reporter had destroyed her notes of the original plea proceeding of June 11, 1979, and was therefore unable to transcribe those notes for appellant's use in his appeal. Appellant argued on appeal, and in this Court, that the statute permitting deferred adjudication defendants to appeal their conviction upon final adjudication (Art. 42.12, Sec. 3d(b), supra), and the statute permitting court reporters to destroy their notes after three years (former Art. 2324, V.A.C.S.[1]) combine in the instant case to deprive him of the federal Constitution's guarantees of equal protection and due pro-

cess under the Fourteenth Amendment and effective assistance of counsel on appeal under the Sixth Amendment (sic).

■ The court of appeals did not reach this issue. Instead, that court reasoned as follows:

"We find that [appellant] waived any alleged defects in the original adjudication proceedings by failing to move for an adjudication of guilt within thirty days. To hold otherwise, would enable others similarly situated to accept the benefits of deferred adjudication up to periods of ten years and then, after violating that probation, launching an appeal based on alleged defects in proceedings at the original hearing. This, we feel, would not serve the purpose of the deferred adjudication law nor the criminal justice system."

Article 42.12, Sec. 3d(b) specifically provides that: "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, *and defendant's appeal* continue as if the adjudication of guilt had not been deferred." The court of appeals' holding abrogates this provision of the statute. We disavow the court of appeals' holding that appellant waived his right of appeal *from the original plea proceedings.*

■ We turn now to appellant's claim that former Art. 2324 operated to deprive him of a transcript of the original plea proceeding, and that this deprivation violates federal constitutional guaranties. The threshold question, accordingly, is whether the lack of a transcript is attributable to the operation of the statute, or to some other cause.

In his brief, appellate counsel asserts that he "filed his Designation of Record, requesting, among other things, a transcript of the court reporter's notes." The

1. Repealed by Acts 1985, ch. 480, p. 4087. Former Art. 2324 provided in pertinent part: "Each Official Court Reporter shall upon request: ... Preserve all shorthand notes taken in said court for future use or reference for three full years...." See now Government Code, Sec. 52.046(a)(4) [Acts 1985, ch. 480, sec. 1, 1985 Tex.Sess.Law Serv. 3951 (Vernon)]. See also Art. 40.11, V.A.C.C.P., Requirement for Filing Court Reporter's Notes.

only reference to court reporter's notes in the designation of record is the following:

"6. The transcript of the official court reporter notes taken at the pretrial hearing of matters of law raised by motions of the Defendant as well as the notes of the official court reporter taken during voir dire examination of the prospective jurors, the trial testimony and the final argument of counsel at both the guilt and penalty phase of the trial."

Counsel filed the designation of record on February 25, 1983.

On April 11, 1983, the District Clerk notified the parties that the record had been completed.

On April 14, 1983, the State filed an objection to the record on the ground that it did not contain a "Statement of facts of the June 11, 1979 hearing wherein the appellant pled nolo contendere." The State requested "that the Court withhold its approval of the record until a complete transcription of the court reporter's notes is contained therein; and that the Court direct the Attorney of record for Appellant to request an extension of time for the filing of such notes." The trial court ordered that the record would not be approved until it contained a complete transcription of the court reporter's notes, and ordered appellant's attorney to request an extension of time to file the notes. The order is dated 4–14–83. No requests for extension of time appear in the record.

On September 13, 1983, the State filed a motion to withdraw its objection to the record. The motion states that the court reporter no longer has the notes to the plea proceeding. The trial court's order states: "The State's Objection to the Record will be allowed to be withdrawn and the clerk may continue completing the record." The order is dated 9/14/83.

On September 16, 1983, appellant filed his "Objection to the State's Motion to Withdraw its Objection to the Record." In that document appellant

"requests that the Court hold a hearing heron and thereafter rescind its approval of the State's Motion to Withdraw its

Objection to the Record until a Statement of Facts or a sworn affidavit prepared by the proper court reporter specifically setting out the reasons for the unavailability of such notes for transcription purposes can be made a part of the official appellate record in this cause."

Appellant's objection "adopts and relies on for all purposes" the State's objection to the record. The trial court granted a hearing on appellant's objection. Nothing more of the hearing, if there was one, appears in the record.

Bearing the district clerk's file mark dated October 27, 1983, there appears in the record the following signed statement:

"COMES NOW, Patricia L. McCormick in the above entitled and numbered cause, and states as follows:

"I was the official court reporter in the 209th District Court of Harris County, Texas, on June 11, 1979, when the defendant in this cause, Michael Ray David, entered a plea of guilty [sic].

"I have been contacted by [appellant's counsel], who has asked me to transcribe my notes pertaining to this guilty plea.

"I no longer have the notes pertaining to this guilty plea. I moved to Tyler, Texas, in May, 1983, and since these notes were more than three years old, I destroyed them, pursuant to Article 2324, V.A.C.S.

"Dated at Tyler, Texas, this 18th day of October, 1983."

On October 28, 1983, the district clerk notified the parties of the "further completion" of the record.

On November 14, 1983, the trial court approved the record, noting: "neither [party] having filed and presented to the court in writing any objection to the record within 15 days after the mailing of [the clerk's] notice."

Appellant contends that the statute which allows court reporters to destroy their notes after three years has deprived him of a statement of facts from the original plea proceeding. The record does not support that contention.

Article 40.09, Sec. 5, V.A.C.C.P., provides, in pertinent part, as follows:

"If a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. *Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record....*" [emphasis added].

Nowhere does the record reflect that appellant designated a transcript of the court reporter's notes of the plea proceeding for inclusion in the record on appeal. Not until the *State* objected to the record in April, 1983 is there any reference to the lack of a transcript of the plea proceeding. If appellant's adoption of the State's objection to the record can be construed as a designation of the transcript for inclusion in the record, the designation was untimely. See Art. 40.09, Sec. 2, supra (appellant shall file his designation within 20 days after the giving of notice of appeal).

In any case, the State's objection put appellant on notice that the record lacked a transcript of the plea proceeding. From the court reporter's statement, it appears there was still time to obtain a transcript in April, because she did not destroy her notes until her move to Tyler in May. Yet nothing in the record reflects that appellant took any step toward obtaining a transcript.

The record reflects that the lack of a transcript is attributable to appellant's default, and not to Article 2324, supra. Appellant's claim that the statute deprived

him of certain federal constitutional protections is without merit.

The judgment of the court of appeals is affirmed.

McCORMICK, J., concurs.

TEAGUE and MILLER, JJ., dissent.

CLINTON, Judge, dissenting.

The Court correctly rejects the rationale leading to the finding of the court of appeals that appellant "waived any alleged defects in the original proceeding by failing to move for an adjudication of guilty within thirty days," *David v. State*, 681 S.W.2d 147, 149 (Tex.App.—Houston [14th] 1984). That rationale misapprehends the lesson of *McDougal v. State*, 610 S.W.2d 509 (Tex. Cr.App.1981): an order deferring adjudication pursuant to Article 42.12, § 3d(a), V.A. C.C.P., simply is not appealable until there has been an adjudication of guilt. *McDougal*, supra, at 509–510. However, § 3d(c) expressly authorizes an appeal after an adjudication of guilt et cetera. *McDougal*, at 510 (Clinton, J., concurring).

Finding a waiver, the court of appeals did not reach the second question posed by appellant for that court to decide. Accordingly, I would remand the cause for it to reach and decide the issue. See *Lambrecht v. State*, 681 S.W.2d 614, 616 (Tex. Cr.App.1984). Because the Court does not I respectfully dissent.[1]

---

1. Not only do the pertinent statutes confine review authority of this Court to a "decision" of a court of appeals, but also in the process facts relevant to an issue are distilled to perceived effects to which we give some deference. If the Court is determined to decline the benefit of that process and "go it alone" in this instance to look for the reason there is not a transcription of notes taken by the court reporter, then it ought to start with an *order* that the court reporter *"prepare a statement of facts without charge to appellant,"* rendered by the trial court February 3, 1983—three months before she destroyed them to lighten the load to Tyler. Manifestly, she did not comply with that order. It is specious to attribute to appellant her own decision to destroy the very notes she had been ordered by the trial court to transcribe into a statement of facts.