**Jermaine Lee SCHOOLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00089–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Feb. 14, 2000.

Decided Feb. 15, 2000.

Jay Ted Karahan, Houston, for appellant.

Calvin A. Hartmann, Harris County District Attorney's Office, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

On February 23, 1998, Jermaine Lee Schooler was indicted for aggravated robbery.[1] Schooler pleaded guilty and waived his right to a jury trial. The trial court deferred proceedings without entering a finding of guilt and placed Schooler on deferred adjudication community supervision for a period of ten years. On March 5, 1999, the State, alleging various probation violations, moved to revoke Schooler's community supervision and proceed to judgment. On April 16, 1999, the trial court, finding the State's allegations true, adjudged Schooler guilty of the original charge and sentenced him to twenty-five years' confinement. On the same day, Schooler filed his notice of appeal.

Schooler complains not of the revocation of his community supervision, but of the constitutionality of his original deferred adjudication proceeding. He contends that the trial court committed reversible error by (1) accepting his guilty plea and proceeding to defer adjudication and place him on community supervision, because he contends that Article 1.15 of the Texas Code of Criminal Procedure[2] is unconstitutional because it requires the trial court to base its determination of guilt or innocence on evidence offered by the State alone and does not entitle the defendant to present his own evidence, and (2) proceeding to defer adjudication when the record is silent as to a waiver of his federal and state compulsory process rights.[3] We dismiss for want of jurisdiction.

The State, relying on *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App.1999), initially contends that Schooler has waived his right to appeal. In *Manuel*, the Court of Criminal Appeals held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is first imposed, not after deferred adjudication community supervision has been revoked. *Manuel v. State*, 994 S.W.2d at 661–62. The State thus contends that, because Schooler did not appeal when deferred adjudication was first imposed but waited until after his community supervision was revoked, he waived his right to appeal from the original plea proceeding.

■ Schooler is not necessarily bound by *Manuel*, but is bound by the law as it existed at the time he entered his plea. *See Kirby v. State*, 883 S.W.2d 669, 671 (Tex.Crim.App.1994). Schooler entered his plea on March 10, 1998. Therefore, we must determine the law as it existed at

1. The offense is a violation of TEX. PEN.CODE ANN. § 29.03 (Vernon 1994).

2. Article 1.15 provides in part:
   No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.
   TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2000).

3. We have combined Schooler's four points of error, which separated each of the two points we have recognized into their federal and state components.

that time, and in so doing, we will conduct a brief review of the history of the law related to appealing from deferred adjudication community supervision.

In 1975, the Texas Legislature first enacted our deferred adjudication statute, which provides in part:

(a) ... [W]hen in the [trial] judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. .... However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the judge shall proceed to final adjudication as in all other cases.

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained.... The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(a), (b) (Vernon Supp.2000). In 1981, the Court of Criminal Appeals held that the "clear import" of the statute was to preclude appellate review of an order deferring adjudication. *McDougal v. State*, 610 S.W.2d 509, 509 (Tex.Crim.App.1981). The court explained that if a defendant was dissatisfied with the decision to defer adjudication or with the terms and conditions of the order, his proper remedy was

to move for final adjudication as provided in Article 42.12, § 5(a). *Id.* After adjudication of guilt, a defendant's normal appellate remedies were available to him under Article 42.12, § 5(b), which provides, "*After* an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and *defendant's appeal* continue as if the adjudication of guilt had not been deferred." TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (emphasis added). At that time, a defendant whose deferred adjudication probation was revoked could appeal from that revocation and raise a claim of error arising from the original plea proceeding. *David v. State*, 704 S.W.2d 766, 767 (Tex.Crim.App.1985) (citing Article 42.12, § 5(b)).

In 1987, the Legislature enacted Article 44.01(j) of the Texas Code of Criminal Procedure, which provides that a defendant may appeal where punishment is assessed in conformance with the deferred adjudication statute. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(j) (Vernon Supp. 2000). In *Dillehey v. State*, 815 S.W.2d 623, 625 (Tex.Crim.App.1991), the Court of Criminal Appeals noted that the Legislature intended for Article 44.01(j) to permit defendants to appeal from deferred adjudication community supervision to the same extent they were permitted to appeal from regular community supervision. *Dillehey v. State*, 815 S.W.2d at 625 (quoting SB 762 Second Reading, Senate Floor); *accord Feagin v. State*, 967 S.W.2d 417, 419 n. 2 (Tex.Crim.App.1998); *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996); *Kirby v. State*, 883 S.W.2d 669, 671 n. 3 (Tex. Crim.App.1994). Thus, the court held that a defendant placed on deferred adjudication probation could appeal from the order placing him on deferred adjudication even though he had not been adjudicated guilty. *Dillehey v. State*, 815 S.W.2d at 626. Although a defendant placed on regular community supervision could raise issues relating to the original plea proceeding only in appeals taken when community supervi-

sion is first imposed, the Court of Criminal Appeals did not make clear whether the right to appeal under Article 44.01(j) did away with the defendant's right, under Article 42.12, § 5(b) and *David*, to also appeal from the order granting deferred adjudication *after* the adjudication of guilt.[4] The Austin Court of Appeals and this Court have held that the Court of Criminal Appeals' ruling that Article 44.01(j) provides defendants the right to appeal from an order deferring adjudication meant that a defendant who wishes to appeal from that order *must* appeal within thirty or ninety days from the date on which deferred adjudication is first imposed. *See Session v. State*, 978 S.W.2d 289, 290 (Tex. App.-Texarkana 1998, no pet.); *Hammack v. State*, 963 S.W.2d 199, 200–01 (Tex.App.-Austin 1998, no pet).

In 1999, the Court of Criminal Appeals decided *Manuel v. State*, the case on which the State relies. The court again noted that the legislative intent in enacting Article 44.01 was to permit defendants to appeal from deferred adjudication community supervision to the same extent, that is, "with the same rights and restrictions," as defendants are permitted to appeal from regular community supervision. *Manuel v. State*, 994 S.W.2d at 661. The court further noted that it had long held that a defendant placed on regular community supervision could raise issues relating to the original plea proceeding only in ap-

peals taken when community supervision is first imposed, not in appeals taken after regular community supervision had been revoked. *Id.* The court also made clear that a defendant placed on deferred adjudication community supervision could raise issues relating to the original plea proceeding *only* in appeals taken when deferred adjudication is first imposed. *Id.* at 661–62. The court reasoned, "Certainly, it was not the Legislature's intent, in enacting Article 44.01(j), to permit *two* reviews of the legality of a deferred adjudication order, one at the time deferred adjudication community supervision is first imposed and another when, and if, it is later revoked." *Id.* at 662.

■ On March 10, 1998, the date Schooler entered his plea, deferred adjudication orders were appealable. *Dillehey*, 815 S.W.2d at 626 (interpreting Article 44.01(j)). This Court interpreted *Dillehey* to mean that deferred adjudication orders were only *immediately* appealable and subject to the restrictions prescribed by TEX.R.APP. P. 26.2(a)(1). *Session v. State*, 978 S.W.2d at 290; *see also Hammack v. State*, 963 S.W.2d at 200–01. Rule 26.2(a)(1) provides that notice of appeal must be filed within thirty days after the day sentence is imposed or suspended. TEX.R.APP. P. 26.2. Here, the trial court suspended sentence on April 21, 1998. Therefore, in order to complain of the

---

4. The *Dillehey* court suggested as much by explaining that after the enactment of Article 44.01(j), the right to appeal after the adjudication of guilt continued. *See id.* at n. 7 (stating, "A defendant who has appealed, say, a motion to suppress after he received deferred adjudication, who seeks to appeal that same matter again after he is adjudicated guilty, may under the plain wording of [Article 42.12, § 5(b)] be authorized to do so," but also stating "determinations made in that previous appeal govern in the current appeal and no further reasoning other than a recitation to that effect need be made") (citing *Granviel v. State*, 723 S.W.2d 141 (Tex.Crim.App.1986)); *see also Olowosuko v. State*, 826 S.W.2d 940 (Tex.Crim.App.1992) (where the court noted that in *Dillehey*, it had recognized that the Legislature intended with Article 44.01(j) to

give defendants a right to appeal an order imposing deferred adjudication community supervision, but also noted, "Article 42.12 § 5(b) expressly allows an appeal of all proceedings *after* adjudication of guilt on the original charge"). In *Olowosuko*, because the appellant did not advance any point of error directed to the judgment of the trial court, the court held that the court of appeals properly affirmed the judgment. *Id.; see also Elizondo v. State*, 861 S.W.2d 294, 295 (Tex.App.-San Antonio 1993, no pet.) (where the court stated, citing *David* and Article 42.12, that a defendant could appeal from the original plea proceeding after the state moved for adjudication of guilt and, citing *Dillehey*, that a defendant could also pursue an appeal at the time he was placed on deferred adjudication probation).

constitutionality of the original plea proceeding, Schooler must have filed his notice of appeal by May 21, 1998. Instead, Schooler did not file his notice of appeal until April 16, 1999, the date on which he was adjudicated guilty. Because Schooler filed his notice of appeal too late, this Court lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex.Crim.App.1996). We, therefore, dismiss the appeal for want of jurisdiction.