TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-07-00118-CR




Charles R. Branch, Appellant


v.


The State of Texas, Appellee




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT

NO. 84-409-K, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N


 Under the Texas Rules of Appellate Procedure, an appellant "is entitled to a new
trial" due to the absence of a reporter's record if (1) the appellant has timely requested a
reporter's record; (2) "without the appellant's fault, a significant portion of the court reporter's
notes and records has been lost or destroyed"; (3) the lost or destroyed portion "is necessary to
the appeal's resolution"; and (4) the lost or destroyed portion cannot be replaced by agreement of
the parties. Tex. R. App. P. 34.6(f) (emphasis added). The central question presented in this
appeal is whether a criminal defendant who absconds during trial and is finally apprehended
over 20 years later is "without . . . fault" under rule 34.6(f) for the destruction of the court
reporter's notes occurring while he was at large. We conclude that the defendant bore some fault
and is not entitled to a new trial.

 Appellant Charles Branch was indicted on November 27, 1984, for delivery and
possession of a controlled substance, methamphetamine, with an enhancement paragraph
alleging a prior felony conviction. Trial began on August 5, 1985. Branch, who had been out on
bail, appeared in person and by attorney. He pleaded not guilty to the charges, pleaded not true
to the enhancement paragraph, and elected to have the jury assess punishment in the event of a
guilty verdict. On the trial's second day, the State rested and Branch opened and began to
present evidence. On the trial's third day, Branch failed to appear. On the docket sheet, the
district court noted that Branch had voluntarily absented himself and proceeded with trial in his
absence. The jury subsequently found Branch guilty of delivery of a controlled substance, found
the enhancement allegation true, and assessed punishment at confinement for life in the Texas
Department of Corrections.

 Branch remained at large for over twenty years. In 2005 or 2006, he was arrested
in Pennsylvania and eventually extradited and returned to Williamson County. On May 2, 2006,
the district court rendered judgment and pronounced sentence in accordance with the jury's
verdict. The judgment contains the finding that Branch had voluntarily absented himself during
trial.

 Branch subsequently filed this appeal. (1) He brings a single issue on appeal urging
that he has been denied his right to a complete and accurate record "due to the destruction of the
court reporter's notes without authority and without any fault on the part of appellant," entitling
him to a new trial under Tex. R. App. P. 34.6(f). (2) It is undisputed that the court reporter's notes
from his 1985 trial were destroyed in 2001. The circumstances of the notes' destruction are also
largely undisputed. The official court reporter for the 26th District Court at the time of trial, Jo
Ann Buchan, left that position in 1986 and, at that time, transferred to the district court
possession of her notes she had taken in proceedings in that court. Subsequently, in 1990, the
district court transferred possession of the notes to the Williamson County District Clerk's
office, where they remained until 2001. In 2001, the district clerk's office destroyed Ms.
Buchan's notes taken in the 26th District Court on the basis that, according to Ms. Buchan, "all
of those notes were then 15 years or older." (3) Branch does not contend that he ever requested the
notes be preserved or that a reporter's record be prepared anytime before his 2006 sentencing,
much less before the notes were destroyed in January 2001. (4)

 Branch is candid in acknowledging that he fled the jurisdiction and remained at
large for over 20 years, setting in motion the chain of events leading to the destruction of Ms.
Buchan's notes over 15 years later. He urges, however, that rule 34.6(f)'s "without fault"
requirement does not impose a categorical rule of "you leave, you lose," suggesting that the
intervening acts of others may be of a nature rendering them solely at fault for the destruction of
court reporter notes. Branch suggests that the acts of the district clerk's office, over which he
had no control, were such that it should be deemed "at fault" for the notes' destruction for
purposes of a rule 34.6(f) analysis.

 Branch asserts that he has uncovered evidence indicating that, as late as his 2005
or 2006 extradition, the district clerk's office had actual or constructive knowledge that his case
had remained pending, yet destroyed the notes anyway. He submits what purports to be a copy
of a Post-it or "sticky" note attached to a copy of the district court's docket sheet that had been
included in his extradition paperwork. Handwriting on the note states, "Defendant not arrested -
Judg & Sentence cannot be done until arrested - per D.A. - 8-15-85." Though a copy of the
court's docket sheet (with additional entries reflecting subsequent events) is included in our
clerk's record, the sticky note apparently attached to the earlier version of the docket sheet in the
extradition papers was not. The State argues that we should not consider this document because
it was not previously part of our record on appeal, while Branch urges we should. Branch has
also filed a motion to abate his appeal to afford him the opportunity to authenticate the new
document and to supplement the record accordingly.

 Our analysis of Branch's issue and pending motion begins with construction of
rule 34.6(f). When construing court rules, we apply the same principles that we apply to
statutes. See Christus Spohn Hosp. v. Kleberg, 222 S.W.3d 434, 437 (Tex. 2007); Garcia v.
State, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006). Our primary objective in such construction
is to give effect to the drafters' intent. See, e.g., State v. Shumake, 199 S.W.3d 279, 284 (Tex.
2006). We seek that intent "first and foremost" in the text. Lexington Ins. Co. v. Strayhorn, 209
S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning
is supplied by definition or is apparent from context, or unless such a construction leads to
absurd results. City of Rockwall v. Hughes, 246 S.W.3d 621, 625-26 (Tex. 2008) (citing Texas
Dep't of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004); Taylor v. Firemen's
& Policemen's Civil Serv. Comm'n, 616 S.W.2d 187, 189 (Tex. 1981); & Univ. of Tex. S.W.
Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 356 (Tex. 2004)).

 Under the plain language of rule 34.6(f)(2), Branch must establish that the
destruction of Ms. Buchan's notes was "without the appellant's fault." Tex. R. App. P.
34.6(f)(2). "Without" in this context is a preposition that refers to the absence of something, (5)
namely, fault for the destruction of Ms. Buchan's notes. Consequently, if Branch bears some
blame or culpability for the destruction of the notes, he is not "without fault" and is not entitled
to relief under rule 34.6(f). "Fault," in general, "connotes an act to which blame, censure,
impropriety, shortcoming or culpability attaches." (6) The nature of the "fault" contemplated by
rule 34.6(f)(2) is further informed by the broader context of the statutes and rules governing the
protection and preparation of the reporter's record for appeal. See Jones v. Fowler, 969 S.W.2d
429, 432 (Tex. 1998) (statutory language is considered in context, not isolation); Acker v. Texas
Water Comm'n, 790 S.W.2d 299, 301 (Tex. 1990) (we presume that the drafters were aware of
the background law). Among those familiar principles is the requirement of diligence on the
part of appellants to make and preserve a record that, when presented to a reviewing court,
establishes a predicate for relief. See, e.g., Piotrowski v. Minns, 873 S.W.2d 368, 370 (Tex.
1993) ("At every stage of the proceedings in the trial court, litigants must exercise some
diligence to ensure that a record of any error will be available in the event that an appeal will be
necessary.").

 With regard to reporter's records in particular, the legislature has provided by
statute, at all relevant times, that a court reporter upon request must retain his or her notes for
three years after the date they are taken. (7) "By negative implication, the statute authorizes
reporters to cull stale notes from their records after three years when no party has requested
otherwise." Id. at 371. Texas courts have accordingly viewed an appellant's failure to request
preparation of a reporter's record before expiration of the three-year period or to request
preservation beyond that period to reflect a lack of diligence constituting fault under appellate
rule 34.6(f). See id. Both the Texas Supreme Court and this Court have held that even where
court reporter notes are destroyed prior to final judgment, "If a litigant has not requested the
reporter to prepare a statement of facts within three years, nor specifically requested that the
notes of a proceeding be preserved beyond three years, then the litigant is not free from fault if
the notes are destroyed as the statute authorizes." Id.; see Ganesan v. Vallabhaneni, 96 S.W.3d
345, 349 (Tex. App.--Austin 2002, pet. denied) ("Because Ganesan could have requested the
reporter to prepare the record within three years of the proceeding, or at a minimum requested
that the record be preserved, he is not free from fault [and] . . . not entitled to a new trial."). A
similar rationale has been applied where a criminal defendant absconds during trial and, during
his or her absence, the court reporter's retention deadline runs, the notes are destroyed, and the
defendant seeks a new trial under rule 34.6(f). See Weeks v. State, 521 S.W.2d 858, 862 (Tex.
Crim. App. 1975) (where court reporter's notes "had been thrown away two years after the trial
while appellant was a fugitive from justice" and law then required retention for only one year,
"appellant's action in becoming a fugitive from justice for two years . . . bears the responsibility
for the unavailability of the transcript of the court reporter's notes. He is now in no position to
complain."); Wynne v. State, 831 S.W.2d 513, 519-21 (Tex. App.--Amarillo 1992, pet. ref'd)
("appellant, by his willful and voluntary absence from the jurisdiction of the court for more than
three and one half years, demonstrated his lack of diligence in pursuing his appeal, thereby
imparting validity to the trial court's conclusion that he was not without fault in the loss of the
court reporter's notes."); Delasantos v. State, 673 S.W.2d 634, 635 (Tex. App.--Waco 1984, no
pet.) ("Defendant cannot assert that a statement of facts is unavailable through no fault of her
own when she remained a fugitive from justice for over four years," exceeding the three-year
retention requirement); see also Garces v. State, 727 S.W.2d 48, 49-50 (Tex. App.--Houston
[14th Dist.] 1987, pet. ref'd) (where "[s]entencing was delayed over two years because
[appellant] could not be located" appellant bore some fault for court reporter's loss of consent
form in meantime; "[a]lthough this period was less than the three year statutory time . . . this
defendant caused the kind of delay that may be anticipated to cause lost items."). (8)

 The gravamen of Branch's argument is that the expiration of the court reporter's
three-year retention period is irrelevant because, in fact, (1) Ms. Buchan did not destroy the
notes when she could have after the three-year period expired, (2) the district clerk's office
undertook to keep the notes even while it was not technically required to, and (3) the notes were
retained for over 15 years after trial (and over 12 years beyond the retention period), but (4) the
clerk's office ultimately destroyed the notes under circumstances in which Branch contends it
should not have. Branch's theory obscures the implications of his failure to request the
preservation of Ms. Buchan's notes beyond the three-year retention period and his more general
lack of diligence in regard to the proceedings against him. Having failed to exercise diligence to
preserve a reporter's record on which he might demonstrate error on appeal, Branch cannot
assert that he is entirely "without . . . fault" for the absence of such a record now. Weeks, 521
S.W.2d at 862; see also Piotrowski, 873 S.W.2d at 370. This conclusion is decisive of his claim
for relief under appellate rule 34.6(f), and we overrule his issue. For the same reasons, we
overrule his motion to abate and to supplement the record.


CONCLUSION

 We affirm the judgment of the district court.


 

 Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: May 16, 2008

Do Not Publish
1. During a period following the May 2006 judgment in which he was not represented by
counsel, Branch filed two appellate proceedings that we dismissed for want of jurisdiction. See
Branch v. State, No. 03-06-00522-CR (Tex. App.--Austin Sept. 12, 2006, no pet.) (mem. op., not
designated for publication); Branch v. State, No. 03-06-00596-CR (Tex. App.--Austin Oct. 31,
2006, no pet.) (mem. op., not designated for publication). On February 7, 2007, the court of
criminal appeals authorized Branch to file an out-of-time appeal. Promptly thereafter, Branch
initiated the present appeal, also filing a motion for new trial under rule 34.6(f) that was overruled
by operation of law.
2. None of the other elements of rule 34.6(f) appear to be in dispute at this juncture. After
the court of criminal appeals granted him an out-of-time appeal, Branch promptly requested the
reporter's record. See Tex. R. App. P. 34.6(f)(1). The parties do not appear to dispute that the
reporter's record would be necessary to the resolution of Branch's appeal, so we will assume that
it is. See id. R. 34.6(f)(3). Nor can the record be replaced by agreement of the parties. See id. R.
34.6(f)(4). Branch previously had requested an abatement to afford the parties the opportunity to
agree on a statement of the case in lieu of the reporter's record. See id. R. 34.3. After the State
opposed such relief, we overruled the motion.
3. The clerk's record contains two affidavits, both dated May 2006, that address the
circumstances through which the notes came to be destroyed. These affidavits apparently were
attached as exhibits to Branch's February 2007 motion for new trial, but a copy of one of the
affidavits bearing a file stamp of June 7, 2006, also appears in the record. One contains the
testimony of Ms. Buchan, who explained that she had been the court reporter for Branch's trial. She
recounted that she had left that position in February 1986, and, at that time, "boxed up" her notes 
from the proceedings she had recorded and left them in the possession of the 26th District Court. 
In 1990, Buchan continued, the notes were transferred to the possession of the Williamson County
District Clerk. Buchan added that in January 2001, she was notified by Melba Kimble of the
Williamson County District Clerk's office that the office intended to destroy all of the notes from
cases Buchan had recorded in the 26th District Court "since all of those notes were then 15 years
or older." According to Ms. Buchan, "I did not voice any objections to the destruction of those
notes" and that, while she did not remember Branch's trial in particular, her notes from that trial
would have been destroyed.


 The second affidavit was from Ms. Melba Kimble, who testified that she was the Chief
Deputy District Clerk. She concurred that, in March 2006, Ms. Buchan had turned over to the
district clerk's office all of the notes she had taken during her tenure as official court reporter for
the 26th District Court. Kimble recounted that, in January 2001, she sent a letter to Ms. Buchan
informing her that the district clerk's office intended to destroy her reporter's notes that were in the
office's possession. A copy of the letter was attached to the affidavit. The letter stated that it was
informing Ms. Buchan that the records would be destroyed, as "[a]ccording to the Local Records
Retention Schedule any shorthand notes that this office has been storing can now be disposed of." 
Kimble added that "[w]e were not thereafter informed by Ms. Buchan no[r] by anyone else that any
of those notes related to cases that remained pending in January 2001."
4. Additionally, both Ms. Buchan and Ms. Kimble testified that between August 1985, the
time of trial, and January 2001, when the notes were destroyed, neither Buchan nor the district
clerk's office, respectively, received any request to preserve the notes from Branch's trial "from
Charles Branch, an agent or representative of Charles Branch, or from anyone else."
5. Webster's Third New International Dictionary 2627 (1986).
6. Black's Law Dictionary 608 (6th ed. 1990); see Webster's Third New International
Dictionary 829 (1986).
7. See Act approved March 28, 1925, 39th Leg., R.S., ch. 202, § 1, 1925 Tex. Gen. Laws 669,
670, repealed by Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720,
2048 (current version at Tex. Gov't Code Ann. § 52.046(a)(4) (West 2005)); David v. State, 681
S.W.2d 147, 148 (Tex. App.--Houston [14th Dist.] 1984), aff'd, 704 S.W.2d 766, 769 (Tex. Crim.
App. 1985).
8. A different rule does apply in criminal cases when a defendant is convicted and sentenced
and the defendant does not file an appeal before his appellate deadline runs. See Tex. R. App. P.
13.6 (effective Sept. 1, 1997) (court reporter must, within 20 days after the time to appeal expires,
file untranscribed notes of the proceeding with the trial court clerk, who "need not retain the notes
beyond 15 years of their filing date"); former Tex. R. App. P. 11(d) (similar requirement). Branch
initially argued in his brief and reply that these rules applied to this case and that the district clerk's
office violated them by destroying the court reporter notes from his trial 15 years after his trial
(1985) rather than 15 years after the notes were filed (1990). During oral argument, however,
Branch ultimately conceded that these rules--which are triggered by a final judgment and the
expiration of the appeal period--were not directly implicated here because the notes were
transferred to the district clerk before a final judgment was rendered. See Wynne v. State, 831
S.W.2d 513, 521 (Tex. App.--Amarillo 1992, pet. ref'd) ("Appellant cannot derive any comfort
from the operation of [former] rule 11(d)" because the court reporter "was not required to file his
notes with the district clerk under that rule since the time for perfecting appeal had not expired when
the trial court found [the] . . . notes became unavailable.").