# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00118-CR

**Charles R. Branch, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 84-409-K, HONORABLE WILLIAM S. LOTT, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Under the Texas Rules of Appellate Procedure, an appellant "is entitled to a new trial" due to the absence of a reporter's record if (1) the appellant has timely requested a reporter's record; (2) "*without the appellant's fault*, a significant portion of the court reporter's notes and records has been lost or destroyed"; (3) the lost or destroyed portion "is necessary to the appeal's resolution"; and (4) the lost or destroyed portion cannot be replaced by agreement of the parties. Tex. R. App. P. 34.6(f) (emphasis added). The central question presented in this appeal is whether a criminal defendant who absconds during trial and is finally apprehended over 20 years later is "without . . . fault" under rule 34.6(f) for the destruction of the court reporter's notes occurring while he was at large. We conclude that the defendant bore some fault and is not entitled to a new trial.

Appellant Charles Branch was indicted on November 27, 1984, for delivery and possession of a controlled substance, methamphetamine, with an enhancement paragraph alleging

a prior felony conviction. Trial began on August 5, 1985. Branch, who had been out on bail, appeared in person and by attorney. He pleaded not guilty to the charges, pleaded not true to the enhancement paragraph, and elected to have the jury assess punishment in the event of a guilty verdict. On the trial's second day, the State rested and Branch opened and began to present evidence. On the trial's third day, Branch failed to appear. On the docket sheet, the district court noted that Branch had voluntarily absented himself and proceeded with trial in his absence. The jury subsequently found Branch guilty of delivery of a controlled substance, found the enhancement allegation true, and assessed punishment at confinement for life in the Texas Department of Corrections.

Branch remained at large for over twenty years. In 2005 or 2006, he was arrested in Pennsylvania and eventually extradited and returned to Williamson County. On May 2, 2006, the district court rendered judgment and pronounced sentence in accordance with the jury's verdict. The judgment contains the finding that Branch had voluntarily absented himself during trial.

Branch subsequently filed this appeal.[1] He brings a single issue on appeal urging that he has been denied his right to a complete and accurate record "due to the destruction of the court reporter's notes without authority and without any fault on the part of appellant," entitling him to a

---

[1] During a period following the May 2006 judgment in which he was not represented by counsel, Branch filed two appellate proceedings that we dismissed for want of jurisdiction. *See Branch v. State*, No. 03-06-00522-CR (Tex. App.—Austin Sept. 12, 2006, no pet.) (mem. op., not designated for publication); *Branch v. State*, No. 03-06-00596-CR (Tex. App.—Austin Oct. 31, 2006, no pet.) (mem. op., not designated for publication). On February 7, 2007, the court of criminal appeals authorized Branch to file an out-of-time appeal. Promptly thereafter, Branch initiated the present appeal, also filing a motion for new trial under rule 34.6(f) that was overruled by operation of law.

new trial under Tex. R. App. P. 34.6(f).[2]  It is undisputed that the court reporter's notes from his 1985 trial were destroyed in 2001.  The circumstances of the notes' destruction are also largely undisputed.  The official court reporter for the 26th District Court at the time of trial, Jo Ann Buchan, left that position in 1986 and, at that time, transferred to the district court possession of her notes she had taken in proceedings in that court.  Subsequently, in 1990, the district court transferred possession of the notes to the Williamson County District Clerk's office, where they remained until 2001.  In 2001, the district clerk's office destroyed Ms. Buchan's notes taken in the 26th District Court on the basis that, according to Ms. Buchan, "all of those notes were then 15 years or older."[3]  Branch does not contend that he ever requested the notes be preserved or that a reporter's

---

[2]  None of the other elements of rule 34.6(f) appear to be in dispute at this juncture.  After the court of criminal appeals granted him an out-of-time appeal, Branch promptly requested the reporter's record.  *See* Tex. R. App. P. 34.6(f)(1).  The parties do not appear to dispute that the reporter's record would be necessary to the resolution of Branch's appeal, so we will assume that it is.  *See id.* R. 34.6(f)(3).  Nor can the record be replaced by agreement of the parties.  *See id.* R. 34.6(f)(4).  Branch previously had requested an abatement to afford the parties the opportunity to agree on a statement of the case in lieu of the reporter's record.  *See id.* R. 34.3.  After the State opposed such relief, we overruled the motion.

[3]  The clerk's record contains two affidavits, both dated May 2006, that address the circumstances through which the notes came to be destroyed.  These affidavits apparently were attached as exhibits to Branch's February 2007 motion for new trial, but a copy of one of the affidavits bearing a file stamp of June 7, 2006, also appears in the record.  One contains the testimony of Ms. Buchan, who explained that she had been the court reporter for Branch's trial.  She recounted that she had left that position in February 1986, and, at that time, "boxed up" her notes from the proceedings she had recorded and left them in the possession of the 26th District Court.  In 1990, Buchan continued, the notes were transferred to the possession of the Williamson County District Clerk.  Buchan added that in January 2001, she was notified by Melba Kimble of the Williamson County District Clerk's office that the office intended to destroy all of the notes from cases Buchan had recorded in the 26th District Court "since all of those notes were then 15 years or older."  According to Ms. Buchan, "I did not voice any objections to the destruction of those notes" and that, while she did not remember Branch's trial in particular, her notes from that trial would have been destroyed.

record be prepared anytime before his 2006 sentencing, much less before the notes were destroyed in January 2001.[4]

Branch is candid in acknowledging that he fled the jurisdiction and remained at large for over 20 years, setting in motion the chain of events leading to the destruction of Ms. Buchan's notes over 15 years later. He urges, however, that rule 34.6(f)'s "without fault" requirement does not impose a categorical rule of "you leave, you lose," suggesting that the intervening acts of others may be of a nature rendering them solely at fault for the destruction of court reporter notes. Branch suggests that the acts of the district clerk's office, over which he had no control, were such that it should be deemed "at fault" for the notes' destruction for purposes of a rule 34.6(f) analysis.

Branch asserts that he has uncovered evidence indicating that, as late as his 2005 or 2006 extradition, the district clerk's office had actual or constructive knowledge that his case had remained pending, yet destroyed the notes anyway. He submits what purports to be a copy of a Post-it or "sticky" note attached to a copy of the district court's docket sheet that had been included

---

The second affidavit was from Ms. Melba Kimble, who testified that she was the Chief Deputy District Clerk. She concurred that, in March 2006, Ms. Buchan had turned over to the district clerk's office all of the notes she had taken during her tenure as official court reporter for the 26th District Court. Kimble recounted that, in January 2001, she sent a letter to Ms. Buchan informing her that the district clerk's office intended to destroy her reporter's notes that were in the office's possession. A copy of the letter was attached to the affidavit. The letter stated that it was informing Ms. Buchan that the records would be destroyed, as "[a]ccording to the Local Records Retention Schedule any shorthand notes that this office has been storing can now be disposed of." Kimble added that "[w]e were not thereafter informed by Ms. Buchan no[r] by anyone else that any of those notes related to cases that remained pending in January 2001."

[4] Additionally, both Ms. Buchan and Ms. Kimble testified that between August 1985, the time of trial, and January 2001, when the notes were destroyed, neither Buchan nor the district clerk's office, respectively, received any request to preserve the notes from Branch's trial "from Charles Branch, an agent or representative of Charles Branch, or from anyone else."

4

in his extradition paperwork. Handwriting on the note states, "Defendant not arrested – Judg & Sentence cannot be done until arrested – per D.A. – 8-15-85." Though a copy of the court's docket sheet (with additional entries reflecting subsequent events) is included in our clerk's record, the sticky note apparently attached to the earlier version of the docket sheet in the extradition papers was not. The State argues that we should not consider this document because it was not previously part of our record on appeal, while Branch urges we should. Branch has also filed a motion to abate his appeal to afford him the opportunity to authenticate the new document and to supplement the record accordingly.

Our analysis of Branch's issue and pending motion begins with construction of rule 34.6(f). When construing court rules, we apply the same principles that we apply to statutes. *See Christus Spohn Hosp. v. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007); *Garcia v. State*, 201 S.W.3d 695, 703 (Tex. Crim. App. 2006). Our primary objective in such construction is to give effect to the drafters' intent. *See, e.g.*, *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We seek that intent "first and foremost" in the text. *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006). We rely on the plain meaning of the text, unless a different meaning is supplied by definition or is apparent from context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008) (citing *Texas Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004); *Taylor v. Firemen's & Policemen's Civil Serv. Comm'n*, 616 S.W.2d 187, 189 (Tex. 1981); & *Univ. of Tex. S.W. Med. Ctr. v. Loutzenhiser*, 140 S.W.3d 351, 356 (Tex. 2004)).

Under the plain language of rule 34.6(f)(2), Branch must establish that the destruction of Ms. Buchan's notes was "without the appellant's fault." Tex. R. App. P. 34.6(f)(2). "Without" in this context is a preposition that refers to the *absence* of something,[5] namely, fault for the destruction of Ms. Buchan's notes. Consequently, if Branch bears *some* blame or culpability for the destruction of the notes, he is not "without fault" and is not entitled to relief under rule 34.6(f). "Fault," in general, "connotes an act to which blame, censure, impropriety, shortcoming or culpability attaches."[6] The nature of the "fault" contemplated by rule 34.6(f)(2) is further informed by the broader context of the statutes and rules governing the protection and preparation of the reporter's record for appeal. *See Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998) (statutory language is considered in context, not isolation); *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990) (we presume that the drafters were aware of the background law). Among those familiar principles is the requirement of diligence on the part of appellants to make and preserve a record that, when presented to a reviewing court, establishes a predicate for relief. *See, e.g.*, *Piotrowski v. Minns*, 873 S.W.2d 368, 370 (Tex. 1993) ("At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary.").

With regard to reporter's records in particular, the legislature has provided by statute, at all relevant times, that a court reporter upon request must retain his or her notes for three years

---

[5] Webster's Third New International Dictionary 2627 (1986).

[6] Black's Law Dictionary 608 (6th ed. 1990); *see* Webster's Third New International Dictionary 829 (1986).

after the date they are taken.[7]  "By negative implication, the statute authorizes reporters to cull stale notes from their records after three years when no party has requested otherwise." *Id.* at 371.  Texas courts have accordingly viewed an appellant's failure to request preparation of a reporter's record before expiration of the three-year period or to request preservation beyond that period to reflect a lack of diligence constituting fault under appellate rule 34.6(f).  *See id.*  Both the Texas Supreme Court and this Court have held that even where court reporter notes are destroyed *prior to final judgment*, "If a litigant has not requested the reporter to prepare a statement of facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault if the notes are destroyed as the statute authorizes." *Id.*; *see Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 349 (Tex. App.—Austin 2002, pet. denied) ("Because Ganesan could have requested the reporter to prepare the record within three years of the proceeding, or at a minimum requested that the record be preserved, he is not free from fault [and] . . . not entitled to a new trial.").  A similar rationale has been applied where a criminal defendant absconds during trial and, during his or her absence, the court reporter's retention deadline runs, the notes are destroyed, and the defendant seeks a new trial under rule 34.6(f).  *See Weeks v. State*, 521 S.W.2d 858, 862 (Tex. Crim. App. 1975) (where court reporter's notes "had been thrown away two years after the trial while appellant was a fugitive from justice" and law then required retention for only one year, "appellant's action in becoming a fugitive from justice for two years . . . bears the

---

[7] *See* Act approved March 28, 1925, 39th Leg., R.S., ch. 202, § 1, 1925 Tex. Gen. Laws 669, 670, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 480, § 26(1), 1985 Tex. Gen. Laws 1720, 2048 (current version at Tex. Gov't Code Ann. § 52.046(a)(4) (West 2005)); *David v. State*, 681 S.W.2d 147, 148 (Tex. App.—Houston [14th Dist.] 1984), *aff'd*, 704 S.W.2d 766, 769 (Tex. Crim. App. 1985).

responsibility for the unavailability of the transcript of the court reporter's notes. He is now in no position to complain."); *Wynne v. State*, 831 S.W.2d 513, 519-21 (Tex. App.—Amarillo 1992, pet. ref'd) ("appellant, by his willful and voluntary absence from the jurisdiction of the court for more than three and one half years, demonstrated his lack of diligence in pursuing his appeal, thereby imparting validity to the trial court's conclusion that he was not without fault in the loss of the court reporter's notes."); *Delasantos v. State*, 673 S.W.2d 634, 635 (Tex. App.—Waco 1984, no pet.) ("Defendant cannot assert that a statement of facts is unavailable through no fault of her own when she remained a fugitive from justice for over four years," exceeding the three-year retention requirement); *see also Garces v. State*, 727 S.W.2d 48, 49-50 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (where "[s]entencing was delayed over two years because [appellant] could not be located" appellant bore some fault for court reporter's loss of consent form in meantime; "[a]lthough this period was less than the three year statutory time . . . this defendant caused the kind of delay that may be anticipated to cause lost items.").[8]

---

[8] A different rule *does* apply in criminal cases when a defendant is *convicted and sentenced* and the defendant does not file an appeal before his appellate deadline runs. *See* Tex. R. App. P. 13.6 (effective Sept. 1, 1997) (court reporter must, within 20 days after the time to appeal expires, file untranscribed notes of the proceeding with the trial court clerk, who "need not retain the notes beyond 15 years of their filing date"); former Tex. R. App. P. 11(d) (similar requirement). Branch initially argued in his brief and reply that these rules applied to this case and that the district clerk's office violated them by destroying the court reporter notes from his trial 15 years after his *trial* (1985) rather than 15 years after the notes were *filed* (1990). During oral argument, however, Branch ultimately conceded that these rules—which are triggered by a final judgment and the expiration of the appeal period—were not directly implicated here because the notes were transferred to the district clerk before a final judgment was rendered. *See Wynne v. State*, 831 S.W.2d 513, 521 (Tex. App.—Amarillo 1992, pet. ref'd) ("Appellant cannot derive any comfort from the operation of [former] rule 11(d)" because the court reporter "was not required to file his notes with the district clerk under that rule since the time for perfecting appeal had not expired when the trial court found [the] . . . notes became unavailable.").

The gravamen of Branch's argument is that the expiration of the court reporter's three-year retention period is irrelevant because, in fact, (1) Ms. Buchan did not destroy the notes when she could have after the three-year period expired, (2) the district clerk's office undertook to keep the notes even while it was not technically required to, and (3) the notes were retained for over 15 years after trial (and over 12 years beyond the retention period), *but* (4) the clerk's office ultimately destroyed the notes under circumstances in which Branch contends it should not have. Branch's theory obscures the implications of his failure to request the preservation of Ms. Buchan's notes beyond the three-year retention period and his more general lack of diligence in regard to the proceedings against him. Having failed to exercise diligence to preserve a reporter's record on which he might demonstrate error on appeal, Branch cannot assert that he is entirely "without . . . fault" for the absence of such a record now. *Weeks*, 521 S.W.2d at 862; *see also Piotrowski*, 873 S.W.2d at 370. This conclusion is decisive of his claim for relief under appellate rule 34.6(f), and we overrule his issue. For the same reasons, we overrule his motion to abate and to supplement the record.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   May 16, 2008

Do Not Publish