Richard L. MINNS, Appellant,

v.

Barbra Piotrowski MINNS, Appellee.

No. 01–87–00748–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 23, 1988.

Rehearing Denied Jan. 5, 1989.

John Gano, Gano & Donovan, Joe H. Reynolds, Reynolds, Cunningham, Peterson & Cordell, Houston, J. Bruce Bennett, Cardwell & Hart, Austin, for appellant.

G.P. Hardy III, Norberto F. Flores, Asst. Atty. Gen., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION ON MOTION FOR REHEARING

EVANS, Chief Justice.

Our prior opinion dated August 31, 1988, is withdrawn, and the following opinion is substituted.

The appellant, Richard L. Minns, seeks review of an amended order of sanctions dated August 5, 1987, striking the appellant's pleadings and entering a default

monetary judgment against him. We conclude that the trial court's order is interlocutory, and we dismiss the appeal for want of jurisdiction.

The record reflects that on March 2, 1982, the appellee instituted a divorce action, cause no. 82–09844, against the appellant in the 311th District Family Law Court. Thereafter, on June 2, 1982, the appellee instituted a personal injury action, cause no. 82–27539, against appellant and three other individuals in the 151st Civil District Court. The personal injury suit, cause no. 82–27539, was then transferred to the 311th District Family Law Court, and on May 16, 1984, the two actions were consolidated as cause no. 82–09844.

On December 3, 1985, the trial court entered an order of abatement, which recited that the divorce action was "abated and dismissed." But on December 17, 1986, the court entered a nunc pro tunc order correcting the December 3, 1985 order of abatement to reflect that the divorce action was not abated and dismissed, but was abated and stayed pending disposition of the personal injury action. The appellant then filed an application for writ of mandamus in this Court, asserting that the December 3, 1985 order of abatement had become final and that the trial court lacked jurisdiction to enter the nunc pro tunc order. In an unpublished opinion issued February 19, 1987, this Court denied the relator's application for writ of mandamus, concluding that the trial court had plenary power to correct the clerical error in the earlier order to reflect the true decision of the court. *See Minns v. Elliott*, No. 01–86–00860–CV (Tex.App.—Houston [1st Dist.], February 19, 1987, orig. proceeding) (not published) [1987 WL 6789]. No appeal has been taken from that ruling.

On August 5, 1987, the court entered an amended order of sanctions, striking the appellant's pleadings, entering a default judgment against the appellant on "all issues pertaining to liability," and awarding the appellee past and future damages plus pre-judgment and post-judgment interest. On October 8, 1987, the trial court severed all causes of action asserted by the appellee against the appellant from all other causes of action asserted by the appellee against the other defendants, but this order did not sever the divorce action from the personal injury action asserted by the appellee against the appellant.

■ A judgment is not final and cannot provide a basis for an appeal unless it disposes of all issues and parties in the case. *Baker v. Hansen*, 679 S.W.2d 480 (Tex.1984). Thus, a judgment that only adjudicates a part of a pending cause and reserves certain claims for later disposition, is not an appealable judgment. *See Wilcox v. St. Mary's Univ.*, 501 S.W.2d 875, 876 (Tex.1973).

■ Generally, it will be presumed that all pleaded issues were disposed of by a judgment rendered after a conventional trial on the merits, unless the record shows to the contrary. *North East Indep. School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966). But this presumption does not apply unless the judgment or order was rendered after a "conventional trial regularly set for trial on the merits." *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex.1984). Thus, the Texas Supreme Court has held that the presumption does not apply to judgments that are interlocutory in nature, such as summary judgments or default judgments. *Houston Health Clubs v. First Court of Appeals*, 722 S.W.2d 692, 693 (Tex.1986); *see also Dickerson v. Mack Fin. Corp.*, 452 S.W.2d 552 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

■ The order in this case simply awarded monetary sanctions against the appellant for his failure to comply with the trial court's orders. Clearly, the order was not entered as a result of a "conventional trial regularly set for trial on the merits." The order did not address the parties' claims in the pending divorce action and did not order those issues severed from the personal injury action. Indeed, an earlier order in the record expressly abated and stayed the divorce issues pending a determination of the personal injury action. Thus, it could not be presumed, even if a presumption would otherwise be applicable, that the issues were disposed of by the default. *See*

*Zellers v. Barthel,* 727 S.W.2d 364, 365 (Tex.App.—Fort Worth 1987, no writ).

■ We overrule the appellant's arguments that the finality of the judgment should be inferred from the parties' course of conduct and from statements made by the court and counsel at the hearing on the appellee's motion for sanctions. The concepts of a partial interlocutory disposition of certain issues, leaving others to be determined at some future date, on the one hand, and a presumption or inference that the court intended to enter a final judgment on the other, are inconsistent. *See Teer,* 664 S.W.2d at 704.

The appellant's motion for rehearing is overruled, and the appeal is dismissed for want of jurisdiction.

DUNN, J., concurs.

DUNN, Justice, concurring.

I concur only with the results. The majority confuses settled law concerning the presumption of finality of judgment on the merits when all parties are in court, with the law applicable to partial summary judgments and partial default judgments. Both *Teer v. Duddlesten,* 664 S.W.2d at 702, a partial summary judgment case, and *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d at 692, a partial default judgment case, were interlocutory in nature because in those cases, there were issues and/or other defendants that had not been severed from the action and were not addressed in the court's judgment. Here, all of appellee's claims against appellant were severed from her claims against all other parties in the personal injury action and redocketed under cause no. 82–09844–A. The judgment entered on July 8, 1987, gives relief on all issues in the appellee's personal injury cause of action but does not refer to appellee's divorce cause of action and does not contain language that "all relief not expressly granted is denied." Unless the judgment can fall within one of the exceptions to the presumption of finality of judgment, this Court must analyze this judgment in light of the presumption.

The record reflects that on March 9, 1982, the trial court granted appellant's motion to bifurcate the divorce action, requesting that "the issue of common law marriage be bifurcated from all other issues in this case and determined on a priority basis." Thus, by granting the motion, the court, in effect, ordered separate trials of the divorce issues in accordance with Tex.R.Civ.P.Ann. 174, which provides that:

The court in furtherance of convenience or to avoid prejudice may order a *separate trial of any claim,* cross-claims, counterclaims, third-party claims, *or issues.* (Emphasis added.)

Further, after both causes of action were consolidated, the court ordered separate trials by ordering that the divorce action be held in abeyance until the personal injury action could be completed. *See* Tex.R.Civ. P.Ann. 174.

The Texas Supreme Court has held that: When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, *no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure,* it will be presumed for appeal purposes that the court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties ... The rule ... will apply to separate claims of the plaintiff...." (Emphasis added.)

*Aldridge,* 400 S.W.2d at 897–98.

Under this holding, both the order to bifurcate the issues in the divorce cause of action and the order to abate the divorce pending disposition of the personal injury action are exceptions to the application of the presumption of finality that fall within the scope of rule 174. For these reasons, I would hold that the judgment before this court is interlocutory and not a final judgment.