Barbra PIOTROWSKI, et al., Petitioners,

v.

Richard L. MINNS, Respondent.

No. D–2938.

Supreme Court of Texas.

Dec. 8, 1993.

Rehearing Overruled May 11, 1994.

Mary Taylor Henderson, Norberto Flores, Austin, Patrice M. Barron, George P. Hardy, III, Houston, Dan Morales, Austin, for petitioners.

William W. Kilgarlin, J. Bruce Bennett, Austin, for respondent.

GONZALEZ, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, and HIGHTOWER, DOGGETT, GAMMAGE and SPECTOR, Justices, join.

The principal issue in this case is whether the absence from the appellate record of the statement of facts from two ancillary pretrial hearings mandates a new trial. The court of appeals reversed and remanded the trial court's judgment pursuant to Rule 50(e) of the Texas Rules of Appellate Procedure. We reverse the judgment of the court of appeals, and we remand to that court for consideration of the respondent's points of error.

In 1980 assailants shot Barbra Piotrowski, paralyzing her from the waist down. In 1982 Piotrowski sued Richard Minns for divorce in the family district court for the 311th Judicial District, alleging a common-law marriage. A few months later she sued him in the 151st District Court for injuries sustained in the shooting, alleging that he had hired three gunmen to kill her. Minns, a resident of Switzerland, filed a special appearance in the divorce action. The court initially granted Minns' special appearance, but on Piotrowski's motion for rehearing, denied the special appearance in August 1982.

Minns also filed a special appearance challenging jurisdiction in the personal injury action. The district court subsequently consolidated the divorce action and personal injury action. Minns never secured a hearing or a ruling on his special appearance concerning the personal injury action.

The procedural history of the case for the next several years is rather convoluted. At various points the claims were severed, reconsolidated, dismissed, and reinstated. In 1987, the trial court struck Minns' pleadings concerning the personal injury claim, and rendered a "death penalty" default judgment against Minns for various discovery abuses.

Minns appealed the default judgment, but the court of appeals dismissed the appeal because the divorce action was still pending, making the judgment interlocutory. *Minns v. Minns*, 762 S.W.2d 675, 676–77 (Tex. App.—Houston [1st Dist.] 1988, writ denied). On remand Piotrowski nonsuited the divorce action. A trial proceeded on the personal injury action on the issue of damages. The jury awarded Piotrowski $18,100,000.00 in actual damages and $14,000,000.00 in punitive damages.

In preparing for a **second appeal,** Minns' counsel sent a written request to the reporter to prepare a statement of facts specifically designating certain pretrial hearings to be included (but not the ones at issue here) and "all other pretrial hearings." The reporter replied by letter with her estimate of the charge for preparation of the record. In the letter she mentioned that the notes for **two** hearings were no longer available since she did not retain records after three years. The **two** hearings were the 1982 special appearance hearing in the divorce action, and a 1987 hearing on Minn's motion to recuse Judge Elliott, the presiding judge.[1] Apparently, this was the first time anyone was aware of any problem with the record of these hearings; Minns had not requested their inclusion in the record in his first appeal to the court of appeals.

Minns filed a motion in the court of appeals to reverse and remand pursuant to Rule 50(e) of the Texas Rules of Appellate Procedure, which entitles an appellant to a new trial when the court reporter cannot produce a statement of facts under certain circumstances. Minns claimed he should get the benefit of the rule because of the loss of the notes of the 1982 and 1987 hearings. The motion was based on affidavits from the court reporter and Minn's former counsel. In her affidavit, Ms. Francis O'Day, the court reporter of the 311th district court, stated that the records had been destroyed according to the statute authorizing destruction of

---

1. As we will explain later in this opinion, the reporter's notes and records of this hearing have not been lost or destroyed. The record of this hearing is available. A different court reporter from the one originally thought transcribed it and made it available to the court of appeals. However, the court of appeals refused to consider it.

reporters' notes after three years.[2] Minns also submitted affidavits from the attorneys who represented him at these hearings, in which they stated that they remembered evidence was taken at those hearings, but could not remember any of the substance of the testimony.

The parties submitted their briefs requesting oral argument. Among twenty-seven points of error, Minns complained about the lost record of the two hearings; Minns made no attempt, however, to suggest what occurred at either hearing that would support his contentions of reversible error.

Without notice of submission or intent to dismiss, the court of appeals granted Minns' motion to dismiss because of the reporter's inability to prepare a statement of facts of the two pretrial hearings, reversing and remanding for a full new trial on all issues. When Piotrowski's counsel was notified of the court's ruling, she inquired into the matter and learned that Ms. O'Day had not been the court reporter at the recusal hearing and that the notes of that hearing had not been destroyed. Piotrowski's counsel filed a motion for rehearing and a motion to supplement the record with the statement of facts from the recusal hearing. Minns objected to the supplementation of the record. The court of appeals overruled both motions.[3]

■ Piotrowski advances several arguments why the court of appeals' order of dismissal is error. She argues that Rule 50(e) of the Rules of Appellate Procedure, which provides for new trial in the event of a lost or destroyed record, should be subject to a harmless error analysis. She also argues that the record of the special appearance hearing was unnecessary, and the court of appeals should have allowed supplementation of the appellate record to include the recusal hearing after that court had made its decision. We do not consider these points, however, because we agree with Piotrowski's third argument that Minns failed to satisfy the requirements of Rule 50(e) that would entitle him to a new trial.

Texas procedure places the burden on the appellant to secure a record sufficient to show reversible error. TEX.R.APP.P. 50(d); *Christiansen v. Prezelski,* 782 S.W.2d 842, 843 (Tex.1990) (per curiam). In many circumstances, a complete statement of facts is necessary so that the reviewing court may determine not only if error occurred, but whether, in light of all that occurred during the proceeding, the error was such a denial of rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. TEX.R.APP.P. 81(b); *Christiansen,* 782 S.W.2d at 843. When the statement of facts cannot be produced under certain circumstances, Rule 50(e) mitigates the appellant's burden to perfect the record. The rule provides, "If the appellant has made a *timely request* for a statement of facts, but the court reporter's notes and records have been lost or destroyed *without appellant's fault,* the appellant is entitled to a new trial unless the parties agree on a statement of facts." TEX.R.APP.P. 50(e) (emphasis added).

■ We are not persuaded that Minns satisfied the Rule's requirement that he show he was without fault in the loss of the notes and records. The duty to protect the record does not spring into being only at the conclusion of trial, when the appellant begins the steps to perfect an appeal. At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary. For example, the Texas Government Code does not require reporters to automatically record every proceeding, but provides that the court reporter will take notes of testimony "on request." Tex.Gov't Code § 52.046(a)(2) (1988). A litigant who fails to request that the reporter record pretrial proceedings

---

2. *Tex.Gov't Code* § 52.046 (1988), which provides in pertinent part:
    (a) On request, an official court reporter shall:
    . . .
    (4) preserve the notes for future reference for three years from the date on which they were taken. . . .

3. Ironically, Minns objected to the supplementation of the record, but now argues that the trial court's judgment should be reversed because the record is "missing."

risks waiver of any complaint with respect to error occurring during those proceedings. *See, e.g., Walker v. Packer,* 827 S.W.2d 833, 837 (Tex.1992) (orig. proceeding) (discovery hearing); *4M Linen & Uniform Supply Co. v. W.P. Ballard & Co.,* 793 S.W.2d 320, 322–23 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (hearing on plea in abatement); *Christie v. Price,* 558 S.W.2d 922, 923 (Tex. Civ.App.—Texarkana 1977, no writ) (plea of privilege).

▇▇▇ We conclude that in order to obtain the benefit of Rule 50(e), an appellant must have taken steps to ensure that stale notes are not destroyed as permitted by statute. The Government Code requires the reporter, upon request, to "preserve the notes for future reference for three years from the date on which they were taken...." Tex.Gov't Code § 52.046(a)(4) (1988). By negative implication, the statute authorizes reporters to cull stale notes from their records after three years when no party has requested otherwise. If a litigant has not requested the reporter to prepare a statement of facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault if the notes are destroyed as the statute authorizes. Any other construction of Rule 50(e) leads to untenable results. We cannot conclude that reporters are free to destroy all notes after three years, and any case that takes longer than that requires automatic reversal.[4] We cannot impose a duty upon reporters to determine on their own initiative which matters lasting over three years involve a "live" controversy and therefore should be preserved. The Government Code does not support the imposition of such a duty; further, reporters are not in a position to make such a legal determination. Nor should we impose a duty on the appellee to preserve the record of all proceedings in order to prevent automatic reversal on appeal; it is the party aggrieved by a ruling who must take the steps to ensure proper review.

Minns pursued his first appeal in 1987 without seeking statements of facts of these hearings. Minns presented nothing to the court of appeals to indicate that any party inquired about the notes of these hearings until 1991, some nine years after one hearing and four years after the other. Minns failed to establish that he exercised diligence such that he was without fault in the destruction or loss of records.

We reverse the judgment of the court of appeals, and remand the case to that court for consideration of Minns' points of error.

HECHT, Justice, joined by CORNYN and ENOCH, Justices, dissenting.

The Court's reluctance to allow a judgment to be set aside because a small, although indispensable, part of the statement of facts has been destroyed, is understandable. Its willingness to stretch the rules of appellate procedure to accomplish a desired result in this case, irrespective of the significant consequences to other cases, is less defensible.

Rule 50(e), Tex.R.App.P., states in part: "If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts." Here, the court reporter's notes and records of a 1982 special appearance hearing have been lost or destroyed, and the parties have

---

4. The Court of Criminal Appeals reached a similar conclusion in the appeal of a probation revocation hearing. In *Corley v. State,* 782 S.W.2d 859 (Tex.Crim.App.1989), the defendant was convicted of sexual abuse of a child, and received a probated sentence. The State moved to revoke the probated sentence. After a hearing the trial court concluded that the defendant had violated the terms of probation, and sentenced the defendant to ten years confinement.

The defendant sought to appeal the sentence and requested a statement of facts of the original plea hearing. The reporter's notes had by that time been destroyed pursuant to Government Code § 52.046(a)(4). The defendant moved for a new trial on the basis of Tex.R.App.P. 50(e). The Court of Criminal Appeals rejected the argument, holding:

> [A]n attempt by appellant to designate the statement of facts from the original plea hearing to be a part of the record on appeal from the order revoking probation is untimely when made after the court reporter has properly destroyed her notes.

*Id.* at 861. *See also Culton v. State,* 852 S.W.2d 512, 514–15 (Tex.Crim.App.1993) (en banc).

not agreed on a statement of facts. Consequently, Minns, the appellant in the court of appeals, is entitled to a new trial if he made timely request for a statement of facts, and the missing part of the record is not his fault. The Court concludes that Minns did not make a timely request for a statement of facts, and therefore he is at fault for the missing record.

In determining whether Minns timely requested the statement of facts, the Court ignores the only rule which suggests when such a request must be made. Rule 53(a), TEX.R.APP.P., states:

> The appellant, at or before the time prescribed for perfecting appeal, shall make a written request to the official court reporter designating the portion of the evidence and other proceedings to be included therein. A copy of such request shall be filed with the clerk of the trial court and another copy served on the appellee. Failure to timely request the statement of facts under this paragraph shall not prevent the filing of a statement of facts or a supplemental statement of facts within the time prescribed by Rule 54(a).

The clear import of this rule is that a request is timely if it is made about the same time appeal is perfected. Minns complied with this rule: judgment was rendered July 10, 1991, the deadline for perfecting appeal was October 8, 1991, and Minns requested the statement of facts September 25, 1991.

The Court holds, however, that Minns was at fault for waiting to request preparation of the appellate record until it was time for him to appeal, which was nine years after the hearing for which there is no transcript. He should have acted much earlier, the Court concludes, *even though he did not know that he would suffer an adverse judgment and find it necessary to appeal.* The Court's language bears repeating:

> The duty to protect the record does not spring into being only at the conclusion of trial, when the appellant begins the steps to perfect an appeal. *At every stage of the proceedings in the trial court,* litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary.

*Ante* at 370 (emphasis added). Since court reporters are not required to preserve their notes for more than three years after they were taken, TEX.GOV'T CODE § 52.046(a)(4), the Court holds that parties and counsel must take action to preserve the statement of facts for an eventual appeal if there is a possibility the records might be destroyed.

How? The Court suggests that a litigant may request that notes of a proceeding be preserved for more than three years. Even if such request is made, the court reporter is under no duty to comply with it; as the Court notes, a court reporter is allowed to destroy notes three years after they are taken. The only other alternative—and the only really effective one—is to have the notes transcribed. In other words, the only way a party can be sure that he will not be at fault for the loss of the statement of facts is to have every hearing transcribed at the time it occurs or shortly thereafter. A party who does not have every hearing transcribed within three years of its occurrence will be at fault if the court reporter loses the notes of the hearing or destroys them as permitted by the Government Code.

The Court appears not to notice the burden it creates for litigants, court reporters and trial courts. It is not unusual for a case—particularly one that may ultimately be appealed—to involve a number of hearings over months or years. After judgment is finally rendered, pretrial hearings may appear important or unimportant to an appeal. A party may choose to have a record of such hearing included in the statement of facts, or he may determine that such hearings are irrelevant to the issues on appeal. In short, if the decision of what to include in the statement of facts can be made at the time appeal is perfected, the notes of some hearings may be transcribed and others may not be. The effect of the Court's holding is that a prudent party must have the notes of all hearings transcribed as the litigation proceeds. This represents a significant cost to litigants, a significant involvement of additional time for court reporters, and because of this latter reason, some impairment of

trial courts' ability to conduct hearings requiring the presence of court reporters with less available time.

The rule the Court announces cannot be found among the Rules of Appellate Procedure, unless one reads the "at or before the time prescribed for perfecting appeal" language of Rule 53(a) to mean *long before*. Rulemaking by opinion is not a wise course, to the extent it is even authorized. It does not permit the consideration and comment by the bench, bar and public that ordinarily informs our rules revision process. Rulemaking to achieve desirable results in particular cases is even less advisable.

From now on, "the party aggrieved by a ruling ... must take the steps to ensure proper review." *Ante* at 371. This rule cannot help but worsen the cost and delay of litigation. The court of appeals followed Rule 50(e), and I would affirm its judgment. Accordingly, I respectfully dissent.