

# NUMBER 13-05-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**BRUCE WAYNE HOUSER,** **Appellant,**

**v.**

**KENNETH W. MCELVEEN, ET AL.,** **Appellees.**

## On appeal from the 135th District Court
## of Jackson County, Texas.

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion on Remand by Chief Justice Valdez**

This case is before us on remand from the Texas Supreme Court. *See Houser v. McElveen*, 243 S.W.3d 646, 647 (Tex. 2008) (per curiam). Appellant, Bruce Wayne Houser, a pro se inmate, filed an application for writ of mandamus in the trial court, requesting that the district court judge order Kenneth W. McElveen, the county clerk of Jackson County, Barbara Vanecek, the deputy clerk of Jackson County, and the "Jackson County clerks [sic] offices" to probate Houser's father's will. The trial court denied the

petition. By eleven issues, Houser seeks to overturn the trial court's decision. We affirm.

## I. BACKGROUND

On February 8, 2005, Houser filed a writ of mandamus with the trial court requesting that it order appellees to probate his father's will.[1] In his petition for writ of mandamus, Houser asserted that appellees had a "ministerial duty" to accept his "Application for the Probate of Will and for Granting of Administration" and accompanying affidavit of indigency. A hearing was held on Houser's writ of mandamus, and on May 16, 2005, the trial court signed the following order:

> Be it remembered that on this the 16th day of May, 2005, the above entitled and numbered cause was called, and the plaintiff, Bruce Wayne Houser, came not though notice was duly given of the setting, and came the defendant, Kenneth W. McElveen, et al[.], in person, pro se, and announced ready; and the Court reviewed the Clerk's file and a certified copy of the record of conviction of the defendant [sic], and other evidence that the plaintiff remains in the custody of the Institutional Division of the Texas Department of Criminal Justice, which the court concludes shows that the plaintiff is a convicted felon and has not been pardoned. The Court reviewed section 78 of the Probate Code of the State of Texas which provides that a person convicted of a felony in this or any other state or the United States, who has not been pardoned, is not eligible for appointment as executor or administrator of a decedent's estate. The plaintiff seeks by his petition an order requiring Kenneth W. McElveen, County Clerk of Jackson County, Texas, to issue Letters Testamentary or Letters of Administration, relief to which the plaintiff is not entitled due to the prohibition of section 78 of the Probate Code of the State of Texas and therefore the relief sought should be denied.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the application for Writ of Mandamus and other relief sought by the plaintiff is in all things denied.

Houser appealed and filed an affidavit of inability to pay with this Court. On original

---

[1] On appeal, Houser asserts that he filed a writ of mandamus with the trial court after sending a document entitled, "Application for the Probate of Will and for Granting of Administration" ("the application") to the Jackson County clerk's office and learning that the application had not been filed. Houser discusses the application and the subsequent correspondence regarding the application between himself and the clerk's office; however, the appellate record does not contain copies of Houser's application, any subsequent correspondence with the clerk's office, or a copy of Houser's father's will.

submission, this Court dismissed Houser's appeal as not having been timely perfected because the notice of appeal was not filed within thirty days of the judgment. *Houser v. McElveen*, No. 13-05-00426-CV, 2006 WL 328134, at *1 (Tex. App.–Corpus Christi Feb. 9, 2006) (per curiam) (mem. op.), *rev'd*, 243 S.W.3d at 647. After concluding that Houser's failure to timely file was "not intentional but inadvertent," the supreme court reversed and remanded this case for further proceedings. *Houser*, 243 S.W.3d at 647.

After this case was remanded to us, on April 3, 2008, Houser filed a motion with this Court to obtain a copy of the appellate record. We granted Houser's motion; however, because the appellate record does not contain a reporter's record, we sent Houser a copy of the clerk's record only. On July 3, 2008, this Court abated and remanded this case to the district court to "determine if the reporter's record, or any part thereof, ha[d] been lost or destroyed" and to "make appropriate findings under [Texas Rule of Appellate Procedure] 34.6(f), if necessary." *See* TEX. R. APP. P. 34.6(f). On September 2, 2008, we reinstated this case after the trial court filed its "Findings and Conclusions," wherein it concluded that "if a reporter's record ever existed for the hearing in question, it has been lost or destroyed."

## II. ANALYSIS

A district court has the authority to issue writs of mandamus. *See* TEX. GOV'T CODE ANN. § 24.011 (Vernon 2004). An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 795 n.1 (Tex. 1991). Houser's request for mandamus was premised on his allegation that the appellees had a "ministerial duty" to accept his "Application for the Probate of Will and for Granting of Administration" upon receipt of his affidavit of indigency under rule 145

3

of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 145.[2] However, before determining whether the appellees failed to perform a ministerial duty, we must determine whether Houser's issues are properly before this Court.

We begin by noting that Houser's brief is primarily a recitation of alleged facts and the procedural background of this case.[3] Although Houser's brief lists eleven issues in its "Issues Presented" section, arguably the only contention advanced in the body of Houser's brief is that the trial court erred in refusing to issue the writ of mandamus by relying on section 78 of the probate code. *See* TEX. PROB. CODE ANN. § 78(b) (Vernon 2003) (providing that a convicted felon is not qualified to serve as an executor or administrator). On appeal, Houser contends that he did not seek to serve as either executor or administrator of his father's estate in his "Application for the Probate of Will and for Granting of Administration."[4] Houser argues that through its May 16, 2005 order, the district court "freely[,] knowingly, and wantonly lied" to this Court by making the "false statement/false claim that [Houser] sought to be made executor or administrator of [his father's] estate." Houser asserts that the "court['s] records can and will show this false statement or false claim to be a known lie and 100% false statement . . . ." However, the appellate record does not contain a reporter's record of the May 16, 2005 hearing or a copy of Houser's "Application for the Probate of Will and for Granting of Administration."

Although we construe pro se briefs liberally, pro se litigants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure, and we do not imply claims or arguments that are not made. *See Green v.*

---

[2] Rule 145 provides: "Upon the filing of the affidavit [on indigency] the clerk must docket the action, issue citation and provide such other customary services as are provided any party." TEX. R. CIV. P. 145(a).

[3] Appellees have not filed a brief with this Court.

[4] On appeal, Houser does not indicate what relief he sought in his "Application for the Probate of Will and for Granting of Administration."

4

*Kaposta*, 152 S.W.3d 839, 841 (Tex. App.–Dallas 2005, no pet.); *Greenstreet v. Heiskell*, 940 S.W.2d 831, 835 (Tex. App.–Amarillo 1997, no writ) (holding that if a pro se litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant represented by counsel); *see also Lynch v. Jack in the Box*, No. 03-06-00444-CV, 2007 WL 2274838, at *3 (Tex. App.–Austin Aug. 9, 2007, no pet.) (mem. op.) (citing *Toles v. Toles*, 113 S.W.3d 899, 911 (Tex. App.–Dallas 2003, no pet.)) ("While pleadings are to be construed liberally, liberal construction does not mean that we imply claims that are not alleged.").

Although Houser's appellate brief spans thirty-five pages, no citation to authority appears until page thirty-one, where Houser cites three cases that generally set forth the law regarding mandamus relief. These cases, coupled with references to rule 145 of the Texas Rules of Civil Procedure, are the only authority Houser cites to advance any argument. *See* TEX. R. CIV. P. 145. Because we are to liberally construe Houser's brief, *see* TEX. R. APP. P. 38.9, we construe his argument as a complaint that the evidence is insufficient to support the trial court's May 16, 2005 order.

The Texas Rules of Appellate Procedure provide that it is the appellant's responsibility to initiate the process of securing a reporter's record by requesting its preparation. *See id.* 35.3(b)(2). The rules provide:

> At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record. The request must designate the exhibits to be included. . . .

*Id.* 34.6(b). Moreover, the clerk's record must include any request for a reporter's record. *Id.* 34.5(a)(6). If the reporter's record is missing, we presume that the missing record supports the trial court's determination. *See In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.).

5

On appeal, Houser notes the absence of the reporter's record, as well as the district court's August 15, 2008 finding that "if a reporter's record ever existed for the hearing in question, it has been lost or destroyed." In his "prayer," Houser requests a new trial under rule 34(f) of the Texas Rules of Appellate Procedure.[5] *See id.* 34(f)(6) (providing that an appellant is entitled to a new trial if: (1) the appellant has timely requested a reporter's record; (2) "without the appellant's fault, a significant portion of the court reporter's notes and records has been lost or destroyed"; (3) the lost or destroyed portion "is necessary to the appeal's resolution"; and (4) the lost or destroyed portion cannot be replaced by agreement of the parties). By merely stating that the reporter's record is "lost or destroyed" and presenting no argument as to how 34.6(f) applies to the current case, Houser has failed to adequately brief this issue. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Nevertheless, out of an abundance of caution, we address the issue of whether Houser is entitled to a new trial under rule 34.6(f). *See* TEX. R. APP. P. 34.6(f).

The clerk's record contains no request for the preparation of a reporter's record, and Houser fails to provide a record citation to support his contention that any request was made.[6] Because the record before us indicates that Houser did not file a request for the

---

[5] We construe Houser's request for a "new trial" as a request for a new hearing in the district court on his writ of mandamus.

[6] On April 21, 2008, Houser filed a document entitled, "Motion for Reporter's Record" with this Court and attached a copy of a March 31, 2008 request for the preparation of a reporter's record allegedly sent to the district court's court reporter as well as the district court's clerk. This letter provides the only indication that a request was ever made and indicates that if a request was made, it was made almost three years after the date the record was taken. Furthermore, the request does not reflect that it was ever properly sent to the district court's court reporter or the district court's clerk. Houser notes in his appellate brief that the prison mail room's "legal log" records all outgoing and incoming legal mail, yet he has not provided us with evidence from the legal log indicating that the request was sent to the district clerk or the court reporter before the three-year period expired. *See Piotrowski v. Minns*, 873 S.W.2d 368, 371 (Tex. 1993). Additionally, because Houser's alleged request for the reporter's record was attached to a motion and never formally included in the clerk's record, we do not consider it. *See Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 771 (Tex. App.–Houston [14th Dist.] 1991, writ denied) (citing *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533,

reporter's record, we conclude that he has failed to satisfy the first prong of rule 34.6(f). *See id.* 34.6(f)(1). Moreover, Houser does not appear to be without fault in the loss or destruction of the court reporter's notes. *See* TEX. R. APP. P. 34.6(f)(2).

Upon abatement, the district court held a hearing on August 22, 2008, to determine whether the court reporter's records were lost or destroyed. The court reporter testified that she was unable to locate her notes from the hearing and that she assumed that the notes were destroyed three years after the May 16, 2005 proceeding.

Under Texas law, court reporters are permitted to destroy records after three years. *See* TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 2005). The Texas Supreme Court has expressly held that "[i]f a litigant has not requested the reporter to prepare a statement of the facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault . . . ." *Piotrowski v. Minns*, 873 S.W.2d 368, 371 (Tex. 1993). Because Houser could have requested that the court reporter prepare the record within three years, and nothing in the record indicates that such request was ever made, Houser is not free from fault. *See id.* at 370. Having determined that Houser has not satisfied the first and second prongs of 34.6(f), we conclude that he has failed to prove that he is entitled to a new trial under rule 34.6. *See* TEX. R. APP. P. 34.6(f).

Because Houser's failure to timely request the reporter's record does not entitle him to a new trial, we must decide this appeal without the reporter's record. We cannot determine the sufficiency of the evidence without a record; therefore, we must presume that the evidence is legally and factually sufficient to support the trial court's order and, thus, requires that we overrule Houser's issues to the extent that they can be construed

---

534 (Tex. App. Dallas 1987, writ denied)).

7

to raise a sufficiency argument.[7] *See In re Spiegel*, 6 S.W.3d at 646. All remaining issues are overruled for inadequate briefing. *See* TEX. R. APP. P. 38.1(i).

### III. CONCLUSION

The trial court's judgment is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
1st day of April, 2010.

---

[7] Texas Rule of Appellate Procedure 37.3(c) requires that we give Houser an opportunity to cure the lack of record and inform him that if no reporter's record is received, we will consider and decide any issues that do not require the reporter's record. *See* TEX. R. APP. P. 37.3(c); *see also In re Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.–Amarillo 1999, no pet.) (noting that implicit in rule 37.3(c) "is the notion that we need not consider those issues that are dependent upon the presence of the document. In other words, when the reporter's record is missing and the issue before us depends upon matters within that record, we may overrule or reject it."). However, if Houser was to now request a reporter's record, we would be in the same position as we are now—three years have passed since the May 16, 2005 proceeding and, through some fault of Houser, no reporter's record can be produced. Therefore, because Houser has failed to provide a complete record, we presume that the missing reporter's record supports the trial court's determination. *See In re Spiegel*, 6 S.W.3d at 646.