

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00392-CV

Joyce Ann **SARRO**,
Appellant

v.

Michael A. **SARRO**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 1998-CI-03821
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by: Karen Angelini, Justice

Sitting: Karen Angelini, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: June 15, 2016

AFFIRMED

Joyce Ann Sarro appeals a final divorce decree asserting she is entitled to a new trial because the court reporter's notes from a 2004 trial proceeding were destroyed. We affirm the final divorce decree.

### BACKGROUND

Michael A. Sarro filed a petition for divorce in March of 1998. On July 17, 1998, the trial court judicially pronounced and rendered the divorce. The trial court subsequently signed a divorce decree on August 20, 1998; however, on October 23, 1998, the trial court granted a new

trial "as to property." On August 17, 2004, a trial was held regarding property issues, but the final divorce decree was not signed until April 1, 2015. In a separate letter order, the trial court concluded the date of the divorce was August 17, 2004.

On May 1, 2015, Joyce filed a motion for new trial stating she wanted to appeal the division of the marital estate as to Michael's retirement benefits and pension;[1] however, the court reporter informed her that the reporter's notes from the 2004 trial had been destroyed. Joyce attached to her motion for new trial email correspondence from the court reporter informing Joyce's attorney that she was only required to keep her notes for three years, and the notes no longer existed. The trial court denied the motion for new trial, and Joyce appeals.

## DISCUSSION

As previously noted, Joyce contends she is entitled to a new trial because the reporter's notes from the 2004 trial have been destroyed. Joyce relies on rule 34.6(f) of the Texas Rules of Appellate Procedure which provides:

> (f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial under the following circumstances:
> (1) if the appellant has timely requested a reporter's record;
> (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or — if the proceedings were electronically recorded — a significant portion of the recording has been lost or destroyed or is inaudible;
> (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and
> (4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

---

[1] The divorce decree awards Joyce a "50% portion of Michael A. Sarro's retirement benefits in (a) the income and principal accrued from June 6, 1993 until July 17, 1998, of the VIA Metropolitan Transit Retirement Plan; and (b) a 50% portion of the income accrued from June 6, 1993 until July 17, 1998, of the Public Sector Service Center Deferred Compensation account no. [XXX], arising out of Michael A. Sarro's employment with VIA Metropolitan Transit, more particularly defined in the Qualified Domestic Relations Order signed by the Court."

TEX. R. APP. P. 34.6(f). Michael responds that Joyce is not entitled to a new trial because she failed to timely request the reporter's record, and Joyce was at fault regarding the destruction of the reporter's notes.

In *Piotrowski v. Minns*, the Texas Supreme Court addressed an issue similar to the issue presented by Joyce in the instant case. 873 S.W.2d 368 (Tex. 1993). In *Piotrowski*, assailants shot Barbara Piotrowski in 1980, paralyzing her from the waist down. 873 S.W.2d at 369. In 1982, Piotrowski filed a petition to divorce Richard Minns, alleging a common-law marriage. *Id*. A few months later, Piotrowski filed a separate lawsuit against Minns for the injuries she sustained in the shooting, alleging Minns hired the three gunman to kill her. *Id*. Minns filed a special appearance in the divorce action. *Id*. Although the trial court initially granted the special appearance, it changed its ruling on rehearing and denied the special appearance in August of 1982. *Id*. After the trial court consolidated the two lawsuits, the trial court imposed death penalty sanctions and entered a default judgment against Minns on the personal injury claim. *Id*. Piotrowski nonsuited the divorce claim, and the parties tried the issue of damages to a jury. *Id*. The jury awarded Piotrowski $18,100,000.00 in actual damages and $14,000,000.00 in punitive damages. *Id*.

After filing his notice of appeal, Minns requested the court reporter to prepare reporter's records of all pretrial hearings. *Id*. The court reporter responded that no reporter's record was available for the 1982 special appearance hearing because she did not retain records after three years. *Id*. Minns filed a motion in the court of appeals seeking a new trial based on the loss of the record. *Id*. The court of appeals reversed the trial court's judgment based on the missing record and remanded the cause for a new trial. *Id*. at 370.

The Texas Supreme Court held Minns failed to satisfy the appellate rule's requirements that would entitle him to a new trial and reversed the intermediate appellate court's judgment.[2] *Id.* at 370-71. The court reasoned:

> We are not persuaded that Minns satisfied the Rule's requirement that he show he was without fault in the loss of the notes and records. The duty to protect the record does not spring into being only at the conclusion of trial, when the appellant begins the steps to perfect an appeal. At every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary. . . . .
>
> We conclude that in order to obtain the benefit of [the rule], an appellant must have taken steps to ensure that stale notes are not destroyed as permitted by statute. The Government Code requires the reporter, upon request, to "preserve the notes for future reference for three years from the date on which they were taken...." TEX. GOV'T CODE § 52.046(a)(4) (1988). By negative implication, the statute authorizes reporters to cull stale notes from their records after three years when no party has requested otherwise. If a litigant has not requested the reporter to prepare a statement of facts within three years, nor specifically requested that the notes of a proceeding be preserved beyond three years, then the litigant is not free from fault if the notes are destroyed as the statute authorizes. Any other construction of [the rule] leads to untenable results.

*Id.* The court concluded, "it is the party aggrieved by a ruling who must take the steps to ensure proper review." *Id.* at 371. Because Minns did not inquire about the notes until nine years after the hearing, the court held he "failed to establish that he exercised diligence such that he was without fault in the destruction or loss of records." *Id.*; *see also Ganesan v. Vallabhaneni*, 96 S.W.3d 345, 349 (Tex. App.—Austin 2002, pet. denied) (holding appellant was not free from fault under rule 34.6(f) because he "could have requested the reporter to prepare the record within three years of the proceeding, or at minimum requested that the record be preserved"); *Alvear v. State*, 25 S.W.3d 241, 245 (Tex. App.—San Antonio 2000, no pet.) (holding appellant not entitled to a

---

[2] The rule in effect at that time was similar to the current rule and provided, "If the appellant has made a timely request for a statement of facts, but the court reporter's notes and records have been lost or destroyed without appellant's fault, the appellant is entitled to a new trial unless the parties agree on a statement of facts." *Piotrowski*, 873 S.W.2d at 370 (quoting TEX. R. APP. P. 50(e)).

new trial under rule 34.6(f) because he took no action to preserve the reporter's record from a hearing that occurred fifteen years prior to the appeal).

In this case, the record does not show that Joyce took any action to preserve the reporter's record from the 2004 trial. Accordingly, she is not free from fault under rule 34.6(f) and, therefore, is not entitled to a new trial.

**CONCLUSION**

The final decree of divorce is affirmed.

Karen Angelini, Justice
