

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-22-00131-CV

IN THE INTEREST OF C.S. AND J.V., CHILDREN

On Appeal from the County Court at Law Number One
Randall County, Texas,
Trial Court No. 78897-Ll, Honorable James W. Anderson, Presiding

October 12, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

When the Texas Department of Family and Protective Services files a lawsuit to terminate the parent-child relationship and is appointed the child's temporary managing conservator, the suit proceeds under a tight deadline, upon the passage of which "the suit is automatically dismissed without a court order," and the trial court is divested of jurisdiction. TEX. FAM. CODE ANN. § 263.401(a). As "a prerequisite" for extending this dismissal date, the trial court is statutorily-required to make two findings: (1) extraordinary circumstances necessitating that the children remain in the Department's temporary conservatorship, and (2) that the continued role of the Department as temporary

managing conservator is in the children's best interest. *In re G.X.H.*, 627 S.W.3d 288, 297–98 (Tex. 2021); TEX. FAM. CODE ANN. § 263.401(b).

In the present appeal, in which the Department seeks to reinstate a termination suit dismissed by the Randall County Court at Law Number One, the Department argues that notwithstanding that exclusive, continuing jurisdiction remained in Wheeler County at the time, the Randall County court possessed the power to render an order extending the dismissal deadline. However, the Department fails to direct this Court to any documents wherein the Randall County court made the requisite section 263.401(b) finding of extraordinary circumstances. Accordingly, we hold that despite the Randall County court's order attempting to extend the dismissal deadline, the effort was ineffective due to non-compliance with section 263.401(b)'s prerequisite to make the required findings. The Department's termination lawsuit was therefore automatically dismissed by operation of law in November 2021, six months before the trial court signed its dismissal order. We affirm the order of dismissal, albeit for reasons different than those expressed by the Randall County court.

**Background**

On November 10, 2016, the associate judge acting for the 31st District Court of Wheeler County, Texas, signed orders establishing the parentage of J.V. (parents are "Lori" and "Sal") and C.S. (parents are "Lori" and "Anthony").[1] By subsequent order, the children were ordered to live with their maternal grandparents, who were recognized as

---

[1] To protect the identity of the children, we will refer to the children by their initials. Consistent with the Department's brief, we refer to the mother of the children as "Lori," to the father of C.S. as "Anthony," and to the father of J.V. as "Sal." TEX. R. APP. P. 9.8.

permanent managing conservators; each parent was ordered to have possessory conservatorship rights.

Nearly four years after the order establishing parentage, on November 5, 2020, the Department filed a suit in Randall County on behalf of C.S. and J.V., seeking temporary managing conservatorship and for termination of their parents' parental rights should reunification not be achieved. The petition acknowledged in part:

> Continuing jurisdiction over the children has been established in another Court, and a timely transfer will be sought. This Court has jurisdiction of the suit affecting the parent-child relationship and of the suit for protection of a child under Chapter 262, Texas Family Code. . . .[2]

The petition alleged the Department became involved because on or about October 29, 2020, Lori allegedly stabbed Anthony in the throat during an altercation. The same day suit was filed, the associate judge of Randall County signed an order exercising jurisdiction under Chapter 262 of the Texas Family Code. The court made a number of findings, including that of an immediate danger to the children's welfare, that permitting the children to live with their parents or grandparents would be contrary to the children's welfare, and that there was no time for a full adversary hearing to explore the Department's allegations. The order also named the Department the temporary sole managing conservator of the children until a full adversary hearing could be held.

On November 30, 2020, an adversary hearing took place; following the hearing, the Randall County associate judge continued the Department's role as temporary managing conservators of the children. The court imposed a number of conditions each

---

[2] The Department, however, did not move to obtain transfer from the Wheeler court for another sixteen months.

parent must meet before obtaining a return of the children, including compliance with the terms of a service plan. In January 2021, the associate judge ordered each parent and grandparent to comply with the terms of service plans submitted by the Department.

After multiple extensions, the case was set for final hearing for October 4, 2021. Three days before final hearing, Lori filed a "Motion to Retain Suit on Court's Docket and Set a New Dismissal Date," contending she needed more time to work on her service plan. According to an order signed by the Randall County associate judge on October 5, 2021, the court heard evidence on Lori's motion, but the record makes no mention of its disposition. On October 29, 2021, the Randall County associate judge held a permanency hearing before final hearing. While we have not been presented with a reporter's record of that hearing, an order in the clerk's record states as follows in relevant part:

> Pursuant to § 263.401, Texas Family Code, the Court determines that the original date for dismissal of this cause is November 8, 2021, and the Court extended the dismissal date to May 7, 2022.

A docket entry on the same date similarly notes an extension of the dismissal date, and that the Department's responsibility as temporary managing conservator continues. Neither the order nor the docket entry, however, make any statutorily-required finding that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department. TEX. FAM. CODE ANN. § 263.401(b) and (b-3).

A "final hearing" took place on March 3, 2022. The Randall County court initially announced, orally, that it was terminating the parents' parental rights. On March 14, the court, sua sponte, vacated the order, stating it became aware the Wheeler County court retained exclusive, continuing jurisdiction over the children. That same day, the

4

Department requested—and the Randall County court signed an order—transferring from Wheeler County to Randall County.[3] The Wheeler County district clerk's transfer certificate was filed by the Randall County district clerk on March 16, 2022.

The next day, Sal filed a motion to dismiss the Department's suit, arguing the Randall County court's order extending the dismissal date to May 7, 2022, was void because the Randall County court had no jurisdiction to order such an extension on account of Wheeler County's retaining exclusive, continuing jurisdiction at the time. A similar motion to dismiss was filed by Lori on April 14, 2022. After conducting a non-evidentiary hearing on April 19, 2022, the trial court dismissed the Department's suit for want of subject matter jurisdiction.

The Department filed a notice of appeal on April 21, 2022, but did not request findings of fact or conclusions of law.

**Analysis**

When an appellant does not request findings of fact and none are filed, "we presume that the trial court made all implied findings necessary to the validity of the judgment." *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 401 (Tex. 2016). The Department's argument about the Randall County court possessing jurisdiction pursuant to Texas Family Code Chapter 262 to sign temporary orders, including ordering an extension of the dismissal deadline, is not dispositive of this appeal. That is because even if the Randall County court was so empowered to grant an extension order, a question we do not reach, it is ineffective unless the court makes the findings required by

---

[3] *See* TEX. FAM. CODE ANN. §§ 155.201(d), 262.203(a)(2).

5

Family Code section 263.401(b) and (b-3). *In re G.X.H.,* 627 S.W.3d at 298–99 (holding that "section 263.401(b) requires a court to make these findings as a prerequisite to granting an extension."). In *G.X.H.*, the supreme court instructed appellate courts to look in the trial court's written instruments (including orders and docket sheet) and oral renditions to assess whether the court made specific findings of fact required by section 263.401(b). *Id.* at 298–99. There, because the appealing parents failed to present a reporter's record of the hearing in which the extension order had been considered, the court "presume[d] the trial court made the necessary findings to support the extension orally on the record at the hearing." *Id.* at 299. The court's holding is consistent with its nearly 30-year instruction that "[a]t every stage of the proceedings in the trial court, litigants must exercise some diligence to ensure that a record of any error will be available in the event that an appeal will be necessary." *Piotrowski v. Minns*, 873 S.W.2d 368, 370–71 (Tex. 1993).

In the present appeal, the Department fails to point to any portion of the record in which the Randall County court made the findings required by section 263.401(b) and (b-3). Because the parties did not bring forward a reporter's record of the October 29, 2021 hearing, we directed, sua sponte*,* the court reporter to prepare, certify, and file the reporter's record of that hearing by October 3. *See* TEX. R. APP. P. 34.6(d). The record was still not filed, nor was a motion filed to request additional time. We will take no further action performing a record responsibility that in the first instance belongs to the Department. The record the Department chose to bring does not show the Randall County court made any findings required by section 263.401(b) and (b-3).

6

Moreover, we decline to presume that findings were made in the absence of record proof; that would be contrary to the long-standing rules of court requiring an appellant support its argument with evidence from the record. Instead, we presume that the missing records contain evidence upholding the trial court's decision. *In re G.X.H.,* 627 S.W.3d at 300; *Enter. Leasing Co. v. Barrios,* 156 S.W.3d 547, 549–50 (Tex. 2004). We hold the Department's suit to terminate parental rights was automatically dismissed and Randall County Court at Law Number One lost jurisdiction over the matter on or about November 8, 2021.[4]

## Conclusion

The order of dismissal is affirmed.

Lawrence M. Doss
Justice

---

[4] *See* TEX. FAM. CODE ANN. § 263.401(a),(c) (providing termination of trial court jurisdiction and automatic dismissal of suit to terminate parental rights without a court order if trial on the merits is not commenced within requisite time).