**Virginia Valdez DELASANTOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–342–CR.**

Court of Appeals of Texas, Waco.

May 17, 1984.

John Cutler, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Cheryl Turner, Asst. Dist. Attys., Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from the trial court's order revoking her probation and sentencing her to 2 years' confinement in the Texas Department of Corrections.

On January 20, 1978, defendant was convicted on a heroin possession charge and

placed on probation. On January 23, 1979, the State filed motion to revoke based on a number of asserted probation condition violations. On March 23, 1979, probation was revoked and a sentencing hearing reset for which defendant failed to appear. An alias capias was issued April 23, 1979, and executed October 29, 1983, by placing defendant in jail. Defendant was sentenced on November 10, 1983.

■ Defendant asserts by a single ground of error that she was deprived of a Statement of Facts on the probation revocation hearing through no fault of her own.

Defendant's request for a Statement of Facts was made on November 22, 1983. This was more than 4 years after the hearing. VACS Article 2324 only required the court reporters to keep their notes for 3 years. The court reporter has filed an affidavit that the notes of this hearing were destroyed pursuant to law after the expiration of 3 years.

Defendant cannot assert that the statement of facts is unavailable through no fault of her own when she remained a fugitive from justice for over 4 years. *Weeks v. State*, 521 S.W.2d 858 (Tex.Cr. App.1975).

■ Furthermore, revocation will not be reversed when there is no evidence that the statement of facts from hearing about which defendant complains of on appeal is unavailable, when defendant did not demonstrate need for statement of facts or identify its relevance or show any harm suffered by its absence, and when defendant failed to object to record. *Aguilar v. State*, 621 S.W.2d 781 (Tex.Cr.App.1981).

The ground is overruled.

AFFIRMED.