COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| FABIAN DOUGLAS CASTANEDA, | § | No. 08-12-00167-CR |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| V. | § | 83rd District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| | § | |
| Appellee. | § | (TC# P-2377-83-CR) |
| | § | |

## **O P I N I O N**

Fabian Douglas Castaneda is appealing his conviction of murder. A jury found Castaneda guilty and assessed his punishment at imprisonment for a term of eighty years. We affirm.

## **FACTUAL AND PROCEDURAL SUMMARY**

A Pecos County grand jury returned an indictment against Castaneda on May 5, 1999 alleging that he committed the offense of murder by shooting Javier Tellez, Jr. on March 1, 1999. Castaneda's court-appointed attorney filed motions to suppress evidence and two recorded statements Castaneda had made on March 2, 1999. The trial court conducted a *Jackson v. Denno*[1] hearing on June 13, 2000. The Pecos County Sheriff Bruce Wilson and Deputy Sheriff Larry Jackson testified at the suppression hearing. The trial court denied the motion to suppress

---

[1] *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

and found the recorded statements were voluntary and admissible. The court also entered written findings of fact and conclusions of law.

The case was set for trial on July 10, 2000, a little less than one month after the suppression hearing. When Castaneda did not appear for trial, the trial court entered a judgment nisi, forfeited Castaneda's bond, and issued a capias for his arrest. Castaneda remained a fugitive for more than ten years, and he was finally arrested on August 9, 2010. A different attorney was appointed to represent Castaneda on October 6, 2010. A jury found Castaneda guilty on May 4, 2012, and it assessed his punishment at imprisonment for a term of eighty years.

Castaneda filed notice of appeal and the trial court appointed a different attorney to represent him on appeal. Appointed counsel concluded that the appeal was frivolous and filed a motion to withdraw supported by an *Anders* brief in accordance with the procedures set out in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). During our independent review of the record, we observed that the record of the jury trial was incomplete in that it stopped mid-day on the last day of guilt-innocence and did not include the punishment phase of trial. Finding that counsel had not conducted a thorough review of the record, we granted counsel's motion to withdraw, struck the *Anders* brief, and ordered the trial court to appoint another attorney to represent Castaneda on appeal.

Prior to filing his brief, current appellate counsel brought to the Court's attention that the record did not include a transcription of the pretrial suppression hearing conducted on June 13, 2000. We ordered the trial court to conduct a hearing to determine issues pertinent to

TEX.R.APP.P. 34.6(f). At the hearing, Bill Briggs, the court reporter who transcribed the pretrial suppression hearing, testified that he put the notes in an envelope and filed it in his office at the 83rd District Court. Briggs testified that if he had been asked to preserve his notes, he would have filed them with the district clerk, but no such request was ever made. Briggs' employment as the court reporter for the 83rd District Court was terminated[2], and he did not know what had happened to the notes after he left the job. Thus, it is not entirely clear whether the notes were simply misplaced or destroyed by someone else, but they are certainly lost. After reviewing the record of the hearing, we determined that the court reporter's notes of the June 13, 2000 suppression hearing had been lost, but we concluded that Castaneda was not entitled to a new trial pursuant to TEX.R.APP.P. 34.6(f). Castaneda has filed a brief on the merits raising two issues. We will begin with the second issue.

## LOSS OF COURT REPORTER'S NOTES

In Issue Two, Castaneda asks the Court to reconsider its ruling that he is not entitled to a new trial under Rule 34.6(f) due to the loss of the court-reporter's notes from the suppression hearing conducted on June 13, 2000. He argues that he timely requested the reporter's record, including all pretrial hearings, and the loss of the reporter's notes of the suppression hearing is the fault of the 83rd District Court.

Under Rule 34.6(f), a party is entitled to a new trial under the following circumstances:

(1) if the appellant has timely requested a reporter's record;

---

[2] Briggs did not recall his termination date, but he testified that he worked for Judge Carl Pendergrass for "a couple of years." Official records reflect that Judge Pendergrass was appointed to serve as the judge of the 83rd District Court on October 29, 1999. Based on Briggs' testimony that he worked for Judge Pendergrass for "a couple of years," it appears that Briggs left employment as the court reporter in late 2001 or 2002. Briggs stopped court reporting completely on March 15, 2008.

(2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

TEX.R.APP.P. 34.6(f).

Under this rule, the burden is on the appellant to show he used due diligence in requesting the reporter's record, and that the loss of the record was not in any way due to his or his attorney's fault. *Dunn v. State*, 733 S.W.2d 212, 214-15 (Tex.Crim.App. 1987); *Wynne v. State*, 831 S.W.2d 513, 519-20 (Tex.App.--Amarillo 1992, pet. ref'd); *see Piotrowski v. Minns*, 873 S.W.2d 368, 371 (Tex. 1993).

It is not entirely clear what happened to the court reporter's notes of the June 13, 2000 hearing, but it is apparent that they were lost during the twelve-year-period between the hearing and the request by Castaneda on May 22, 2012 for preparation of the reporter's record. We conclude that the reporter's notes are lost for purposes of Rule 34.6. *See Johnson v. State*, 151 S.W.3d 193, 196 (Tex.Crim.App. 2004)(holding that court reporter's notes are lost for purposes of Rule 34.6 when the missing portions of the record are irretrievable).

Castaneda first takes issue with our conclusion that he did not timely request preparation of the record of the hearing. Rule 34.6(b) requires the appellant to make a written request for the

court reporter to prepare the reporter's record. TEX.R.APP.P. 34.6(b). On May 22, 2012, appellate counsel filed a written request for the record, including the pretrial hearings. Thus, Castaneda is correct that he timely filed his request pursuant to Rule 34.6(b). That does not mean that he exercised due diligence or that he is not at fault for the loss of the court reporter's notes.

Castaneda thoroughly analyzes a number of cases addressing Rule 34.6(f) including *Piotrowski*, 873 S.W.2d at 371, but we believe the proper focus should be on those cases involving the issue of fault where the court reporter's notes were lost or destroyed during the time when the defendant had absconded. In *Weeks v. State*, 521 S.W.2d 858, 859 (Tex.Crim.App. 1975), the defendant was convicted of a misdemeanor and punishment was assessed at confinement in the county jail for two years. Weeks immediately filed a motion for new trial and he made bond. He did not appear at the hearing, and he absconded from the court's jurisdiction for more than two years. *Id.* During this time, the court reporter destroyed the notes from the trial pursuant to Article 2324 which required a court reporter to preserve all shorthand notes for future reference for one year. *Id.* at 862. Following his arrest, Weeks filed notice of appeal.[3] *Id.* After the appeal had been pending for several months, Weeks asserted he was indigent and requested appointed of counsel and a free statement of facts. *Id.* The Court of Criminal Appeals analyzed whether Weeks was entitled to a new trial under cases holding that an indigent defendant convicted of a misdemeanor would be entitled to a new trial if he made known to the court at the time of conviction he desired to appeal, that he was indigent, had no attorney on appeal, and it was impossible to produce a transcription of the court reporter's notes

---

[3] It is unclear from the opinion, but it appears the Court of Criminal Appeals granted Weeks an out-of-time appeal.

for an out-of-time appeal. *Weeks,* 521 S.W.2d at 861. The Court held that Weeks was not entitled to a new trial under these cases because he had not asserted his indigency until after the court reporter's notes had been destroyed. *Id.* at 862. Further, the Court observed that a court reporter was required to only keep the notes for only one year, and it held that Weeks was at fault for the loss of the reporter's notes because he had absconded from the jurisdiction for more than two years. *Id.* at 862.

In *Wynne v. State*, 831 S.W.2d 513 (Tex.App.--Amarillo 1992, pet. ref'd), a jury convicted the defendant of murder, but he failed to appear for the punishment phase, and he remained a fugitive for over three and one-half years. *Id.* at 516. The court reporter filed the record of the trial, but he had lost the notes of the hearing on Wynne's motion for change of venue. *Id.* On appeal, Wynne contended that he was entitled to a new trial due to the loss of the record pursuant for former Rule of Appellate Procedure 50(e). *Id.* at 519-20. Finding that Wynne had failed to show that the loss of the record was not due to his own fault, the Amarillo Court of Appeals made the following observation:

> In becoming a fugitive from justice, appellant bears the responsibility for the unavailability of the court reporter's notes. He is in no position to now complain about the incompleteness of the statement of facts. [citation omitted]. By failing to appear for the punishment phase of his trial and remaining a fugitive for over three and one half years, appellant was not diligent in prosecuting his appeal, thereby producing the kind of delay that may be anticipated to cause lost items. . . . This delay in filing for an appeal contributed to the loss of [the reporter's] notes.

*Wynne*, 831 S.W.2d 520.

In *Delasantos v. State*, 673 S.W.2d 634, 635 (Tex.App.--Waco 1984, no pet.), the defendant's probation was revoked, but she failed to appear for the sentencing hearing, and she

remained a fugitive for more than four years. Following her arrest and sentencing, Delasantos filed notice of appeal, but the court reporter had destroyed her notes of the revocation hearing after three years as permitted by Article 2324. *Delasantos,* 673 S.W.2d at 635. The court of appeals concluded that Delasantos could not show that the notes were destroyed through no fault of her own when she remained a fugitive for more than four years, thereby exceeding the three-year retention requirement. *Id.*

Castaneda seeks to distinguish these cases on the ground that each of them absconded after they had been convicted, but we fail to perceive a meaningful distinction. In each case, the appellate court found that the appellant's absence for an extended period of time contributed to or caused the loss or destruction of the record. Castaneda also seeks to distinguish *Weeks* because there is no question that Castaneda was indigent at the time of his trial whereas Weeks was not indigent and was represented by retained counsel. The Court of Criminal Appeals discussed the defendant's failure to assert his indigence in *Weeks* because part of the issue in that case is whether the defendant was entitled to an out-of-time appeal under a rule which applied to indigent defendants. The elements of Rule 34.6(f) are the same whether or not a defendant is indigent.

Castaneda also argues that the record has been lost due to the fault of the 83rd District Court. Even if some of the fault for the loss of the record can be placed on other persons and entities, the critical inquiry under Rule 34.6(f) is whether Castaneda is without any fault with regard to the loss of the record. The court reporter established that he had preserved the notes according to his normal practice and procedure at the time Castaneda fled the jurisdiction. The

court reporter subsequently lost his job, and the notes of the pretrial suppression became misplaced or were destroyed by persons unknown. Briggs was not required to keep the notes of the suppression hearing indefinitely. Under Section 52.046 of the Texas Government Code, a court reporter is required to preserve his or her notes for future reference for only three years from the date on which they were taken. TEX.GOV'T CODE ANN. § 52.046(a)(4)(West 2013). "By negative implication, the statute authorizes reporters to cull stale notes from their records after three years when no party has requested otherwise." *Piotrowski*, 873 S.W.2d at 371. Consequently, if a party fails to request the court reporter to prepare a reporter's record within three years or fails to ask the court reporter to preserve the notes beyond three years, then the party is not free from fault if the notes are destroyed. *Id*. There is no evidence that Castaneda asked Briggs to preserve his notes of the pretrial hearing. By absconding and remaining absent for more than ten years, Castaneda created a situation where the notes could be lawfully destroyed in three years, or even if the notes were retained for a longer period, they could be lost. *See Weeks*, 521 S.W.2d at 862; *Branch v. State*, No. 03-07-00118-CR, 2008 WL 2066047 (Tex.App.--Austin 2008, pet. ref'd)(mem. op., not designated for publication); *Wynne*, 831 S.W.2d at 519-21; *Delasantos*, 673 S.W.2d at 635. If Castaneda had appeared for trial in July 2000 and the jury had convicted him, the record of the suppression hearing would have been available in the event of an appeal. Consequently, we are unable to conclude that Castaneda is without any fault in the loss of the reporter's notes. *See Wynne*, 831 S.W.2d at 520. Issue Two is overruled.

## INEFFECTIVE ASSISTANCE

In Issue One, Castaneda contends that he was deprived of the effective assistance of counsel because trial counsel waived any error in the admission of Castaneda's statements by stating he had "no legal objection" when the statements were offered at trial. Additionally, he asserts that counsel should have re-urged the suppression motions since the record of the June 13, 2000 hearing had been lost. Finally, he argues that Castaneda has been deprived of the effective assistance of counsel on appeal because appellate counsel is unable to review the lost record.

*Standard of Review*

Both the United States and the Texas Constitutions guarantee an accused the due process right to assistance of counsel. U.S. CONST. amend. VI; TEX.CONST. art. I, § 10; *see also* TEX.CODE CRIM.PROC.ANN. art. 1.05 (West 2005). Implicit in that right is the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 683–86, 104 S.Ct. 2052, 2062–64, 80 L.Ed.2d 674 (1984). To obtain reversal for ineffective assistance of counsel, a defendant must show by a preponderance of the evidence that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) that the deficient representation prejudiced the defendant, i.e. that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 669, 104 S.Ct. at 2055-56.

On review, we presume that the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001), *citing Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). Ineffective assistance

claims must be firmly founded in the record to overcome this presumption. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). Under the second prong of *Strickland*, the appellant must establish that there is a reasonable probability that but for his attorney's deficient performance, the outcome of his case would have been different. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Thompson*, 9 S.W.3d at 812. "Reasonable probability" is that which is "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App. 1998).

*Failure to Re-urge Suppression Motions*

Castaneda first argues that trial counsel's failure to re-urge the suppression motions, and his statement that he had no objection when the statements were offered at trial, amounted to deficient performance. He does not, however, address the second prong of *Strickland*, which requires him to show that the outcome of his case would have been different if counsel had re-urged the suppression motions. Failure to file a suppression motion or to object to the admission of evidence does not necessarily constitute ineffective assistance of counsel. *See Ortiz v. State*, 93 S.W.3d 79, 93 (Tex.Crim.App. 2002); *Cotton v. State*, 480 S.W.3d 754, 757 (Tex.App.--Houston [1st Dist.] 2015, no pet.). To show that counsel's performance was deficient and resulted in prejudice under the second prong of *Strickland*, Castaneda is obligated to show that the evidence was inadmissible and his motion to suppress would have succeeded. *See Ortiz*, 93 S.W.3d at 93 (stating that a claim of ineffective assistance based on failure to object to the admission of evidence must establish that the evidence was inadmissible); *Jackson*, 973 S.W.2d at 957 (appellant was required to prove that a motion to suppress would have been granted in

- 10 -

order to succeed on his ineffective assistance of counsel claim); *Roberson v. State*, 852 S.W.2d 508, 510-11 (Tex.Crim.App. 1993)(in the absence of a showing that a pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel is not ineffective for failing to assert the motion). Castaneda has not made this showing.

*Appellate Counsel*

Castaneda includes in this issue an argument that he has been deprived of the effective assistance of counsel on appeal due to the loss of the record. As we discussed in the analysis of Issue Two, Castaneda is not free from fault in the loss of the reporter's record of the suppression hearing, and the record supports a conclusion that his conduct in remaining a fugitive for more than ten years contributed to the loss of reporter's record of the suppression hearing. To the extent Castaneda has been deprived of the effective assistance of counsel on appeal, he is in no position to complain. For these reasons, we overrule Issue One. Having overruled both issues, we affirm the judgment of the trial court.

September 16, 2016

                                    YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

(Do Not Publish)